[Civ. No. 7614. First Appellate District, Division Two.—November 16, 1931.]

FAGEOL & TATE (a Copartnership) et al., Respondents, v. BAIRD–BAILHACHE COMPANY (a Corporation), Appellant.

Clarence E. Todd, Elbert W. Davis and James M. Oliver for Appellant.

A. V. Dalrymple, Walter E. Hettman and John Douglas Short for Respondents.

DOOLING, J., *pro tem.*—On January 15, 1919, plaintiffs and respondents, Fageol and Tate entered into a written agreement with C. S. Baird and John M. Bailhache whereby Fageol and Tate granted a license to Baird and Bailhache to manufacture and sell heating devices under patents belonging to the licensors. Subsequently the licensees organized a corporation, Baird-Bailhache Company, which succeeded to their rights and obligations under the license agreement and is the defendant and appellant here. The agreement provided for the payment of royalties upon the articles manufactured and sold according to a certain schedule and for the payment of certain minimum annual royalties in any event. The amount of these minimum royalties and the manner of their payment were subsequently modified from time to time by the agreement of the parties, the final modification providing, in so far as is material here:

"1st:—That for the balance of the life of the main contract there shall be paid on the 15th of each month promptly the sum of $200 at all events" and in the event that the royalties due for heaters sold during the preceding month exceed the sum of $200, the excess shall be remitted and paid in addition to the $200.

"2nd:—That the yearly minimums named in the principal agreement and supplement thereto shall remain in full force and effect and that on the 15th of January . . . a full accounting shall be made . . . and the difference between the amounts paid in cash . . . during said fiscal year and the yearly minimum royalties due under said accounting shall be paid on January 15th of each year as aforesaid."

The original contract contained the following provision which was never subsequently modified: "In case of a breach of any of the terms and conditions of this agreement by the parties of the second part (licensees), and the failure of said parties of the second part to comply therewith within thirty (30) days after receipt of written notice from said parties of the first part (licensors) of said breach, then, and in that event, this contract shall immediately terminate."

On August 15, 1925, the appellant Baird-Bailhache Company failed to make the $200 payment due under the agreement as modified and on August 25, 1925, respondents Fageol and Tate sent a letter to appellant calling its attention to its default in payment and concluding: "Unless you do pay all royalties due and owing as of the 15th day of August, 1925, . . . the undersigned will consider the said contract as being, and having been, violated and terminated by you."

Appellant continued in default and pursuant to this notice the license agreement was terminated thirty days after August 25, 1925.

Thereupon respondents brought suit against appellant and in the lower court recovered judgment for $4,008 with interest thereon from September 25, 1925. The total minimum payment required to be made by appellant for the year ending January 15, 1926, was $7,500 and the amount of the judgments was arrived at by prorating the sum of $7,500 between the portion of the contract year prior to the termination of the contract and the balance of the contract

year. The amount so apportioned to the portion of the contract year prior to September 25, 1925, less $1200 already paid in six monthly installments of $200 each, represents the sum of $4,008 allowed by the judgment.

Appellant attacks the judgment on the ground that respondents having elected to terminate the contract on September 25, 1925, are not entitled to recover any amount not due under the terms of the contract on the date of its termination. This attack must be sustained. The provision for the termination of the contract upon default of the licensee was for the benefit of the licensors. Upon default of the licensee the licensors could either terminate the contract by giving the thirty-day notice therein provided for or they could elect to continue the contract in force and insist on the payment of the royalties as they accrued. They could not do both. Having elected to terminate the contract as of September 25, 1925, the contract came to an end on that date and neither party thereafter could obtain any new or further rights under it. The license of appellant to manufacture and sell the patented articles ceased on that date and their obligation to pay future royalties ceased as well. The rule is thus stated in 43 C. J., page 283: ''When a license has been properly terminated, the licensee is no longer liable for royalties, although he must pay those royalties which accrued before the license terminated.''

In *Hamilton* v. *Park & McKay Co.*, 112 Mich. 138 [70 N. W. 436, 438], the court said:

''The true rule is this: The rescission of a contract as against the party in default does not, in the absence of agreement, destroy the right to recover royalty or rent which has already been earned. The past due payments are separable from the future payments, and the rescission is neither *ab initio* nor *in toto*, but solely *in futuro*.''

All the cases which we have found on the subject support the same rule. (*Perfection Socket Co.* v. *American Forging Co.*, 209 Mich. 497 [177 N. W. 194]; *Brusie* v. *Peck Bros. & Co.*, 135 N. Y. 622 [32 N. E. 76]; *Garver* v. *Bement*, 69 Mich. 149 [37 N. W. 63]; *Hurst* v. *Trow Printing & Book Binding Co.*, 2 Misc. 361 [22 N. Y. Supp. 371].)

On September 25, 1925, when the contract was terminated there was due and unpaid under its terms the sum of $400—

$200 due August 15, 1925, and $200 due September 15, 1925. This should have been the limit of respondents' recovery.

Respondents say that appellant should not be permitted to terminate the contract by its own breach and escape all further liability. But appellant's breach did not *ipso facto* terminate the contract. It gave the right to respondents to terminate the contract and it was respondents who elected to bring it to an end. Having elected to terminate the contract, respondents can only recover what was due under it at the date of its termination.

The contract contained the following further provision:

"In the event that either party to this agreement deems it necessary to bring actions at law against the infringement of the manufacturing, selling or using of the said radiators or heaters as herein defined, or trade names, or copyrights or compounds within the territory named, both parties shall join in said actions at law when either is requested by the other so to do and each party shall be equally responsible in such actions, share and share alike."

Appellant filed a cross-complaint asking damages by reason of the claimed breach of this provision by respondents. The trial court found against appellant on the cross-complaint. The judgment of the trial court in this regard must be affirmed because, although appellant made several demands that respondents commence suit against alleged infringers, in none of them did it offer or suggest that it join in such suits or pay half the costs thereof as required by the terms of the contract above quoted.

By reason of our conclusions herein expressed, other points urged need not be discussed.

The judgment on the cross-complaint is affirmed. The judgment on the complaint is reversed with directions to the trial court to enter judgment for plaintiffs for $400 with interest on the sum of $200 from August 15, 1925, and on the sum of $200 from September 15, 1925; neither party to recover costs on appeal.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 16, 1931, and a

6

petition to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was granted by the Supreme Court on January 14, 1932. On April 5, 1932, the Supreme Court made an order vacating the order granting the petition for hearing.