SUSTEEN INC., a California corporation, Plaintiff–Appellant,

v.

SOURCENEXT CORPORATION, a corporation, Defendant–Appellee.

No. 06–56040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed Feb. 14, 2008.

Greenberg Traurig, Santa Monica, CA, Richard H. Hikida, Esq., Greenberg Traurig, Costa Mesa, CA, for Plaintiff–Appellant.

Lisa Popovich, Esq., Paul Hastings Janofsky & Walker, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: HALL, GRABER, and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiff Susteen, Inc., brought suit against Defendant Sourcenext Corporation to recover $1,545,286.17 plus prejudgment interest, which represents the remaining minimum royalties Plaintiff asserts are owed by Defendant under a two-year computer software license agreement. Plaintiff terminated the license agreement

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

about six months after its execution, alleging that Defendant had breached the agreement by engaging in unauthorized sublicensing of the software. The district court granted summary judgment in favor of Defendant, holding that Plaintiff was not entitled to post-termination royalty payments. Plaintiff timely appealed. On de novo review, *Universal Health Servs. Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004), we affirm.

■ Under California law, which the parties agree controls enforcement of the agreement, if a licensor elects to terminate a license agreement upon the licensee's breach, the obligation to pay future royalties ceases as well. *See Fageol & Tate v. Baird–Bailhache Co.,* 138 Cal.App. 1, 5 P.2d 75, 76 (1931) (denying post-termination royalties, notwithstanding a guaranteed-minimum-royalties provision, because, "[h]aving elected to terminate the contract, [the licensors] can only recover what was due under it at the date of its termination"); *see also Postal Instant Press, Inc. v. Sealy,* 43 Cal.App.4th 1704, 51 Cal. Rptr.2d 365, 371 (1996) (applying *Fageol* to deny post-termination royalty payments under a franchise agreement). An exception exists when a total breach wholly prevents the non-breaching party from receiving the benefit of the agreement. *Alder v. Drudis,* 30 Cal.2d 372, 182 P.2d 195, 201 (1947); *Gold Mining & Water Co. v. Swinerton,* 23 Cal.2d 19, 142 P.2d 22, 34 (1943); *Hollywood Cleaning & Pressing Co. v. Hollywood Laundry Serv., Inc.,* 217 Cal. 131, 17 P.2d 712, 713 (1932) (per curiam). But Plaintiff concedes that there was no total breach here. Defendant's alleged breach of the license agreement did not render Plaintiff unable to receive the benefits of the bargain; it could have continued to perform and receive the minimum royalty payments, while still seeking injunctive relief against unauthorized use. Instead, Plaintiff elected to terminate the agreement. Plaintiff is asking us, in essence, to add a liquidated damages clause to the agreement or to rewrite Article 10(2), which we may not do. Under this agreement, Plaintiff is not entitled to receive post-termination royalty payments.

■ On appeal, Plaintiff also argues that there is a genuine issue of material fact regarding the extent of Defendant's alleged breach and whether it is significant enough to justify post-termination damages. Because Plaintiff did not raise that issue before the district court, we will not consider it. *See Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004) (stating that the Ninth Circuit generally does not consider an issue raised for the first time on appeal).

AFFIRMED.