[No. 13990.   Department Two. — November 18, 1891.]

AMANDA C. ESTEP, Appellant, *v.* JAMES B. ARM-
STRONG, Respondent.

Will — Direction to Convert Land into Money — Conversion — Devise to Executrix — Ejectment by Heir. — A direction, to the executrix of a will, to convert all the testator's property, real, personal, or mixed, into money, operates as a conversion of the land into money from the death of the testator only for the benefit of those for whose use the conversion is intended to be made, and does not operate as a devise of land to the executrix, or deprive the heir of the right to maintain an action of ejectment for the possession of the land and for recovery of the rents, issues, and profits thereof as against any person other than the executrix.

91   659
111   638
91   659
134   83
91   659
149   716
149   717

ID. — COMMON LAW — CONSTRUCTION OF CODE. — The provision of the code
in regard to the conversion of real property into money from the death
of the testator, where a will directs the conversion, is simply declaratory
of the common law, and has not changed the rule that such direction
does not vest title in the executor, or cut off the heir at law, in the ab-
sence of any devise of the land.

ID. — RIGHTS OF HEIR — RENTS AND PROFITS OF LAND — EJECTMENT — EVI-
DENCE—VALUE OF RENTS. — The heir at law is entitled to the rents,
issues, and profits of land not specifically devised, so long as wrongfully
kept out of the possession thereof; and it is error to exclude evidence of
the value of the rents of the demanded premises, in an action of ejectment
by the heir against a co-tenant.

FINDINGS — CONFLICT — APPEAL — REVERSAL. — Where the findings are con-
flicting as to a material issue, it is sufficient ground for a reversal of the
judgment.

APPEAL from a judgment of the Superior Court of Lake
County.

The facts are stated in the opinion of the court.

*T. M. Osmont,* and *Jabez H. Gove,* for Appellant.

A mere power in a will authorizing a sale of the real
property by the executors does not vest the title in the
executors, but vests it in the heirs, in the absence of an
express devise. (*In re Lahiff,* 86 Cal. 151; *Estate of
Delaney,* 49 Cal. 84; *Estate of Durham,* 49 Cal. 495; *Perkins*
v. *Gridley,* 50 Cal. 97; *Ebey* v. *Adams,* 135 Ill. 80; *Beadle*
v. *Beadle,* 40 Fed. Rep. 315; *Chamberlain* v. *Taylor,* 105
N. Y. 193; *Doe* v. *Lanius,* 3 Ind. 441; 56 Am. Dec. 518,
519; *Jackson* v. *Schauber,* 7 Cow. 187.) There is no dis-
tinction in regard to the doctrine of equitable conver-
sion, between a mere authority and a direction to sell.
(*Jackson* v. *Schauber,* 7 Cow. 187.) No equitable conver-
sion operates, unless a sale is directed in positive and
imperative terms, leaving no discretion of any kind in
the executor. (*Enchbery* v. *Carter,* 98 Mo. 649; *Romaine*
v. *Hendrickson,* 24 N. J. Eq. 231; *Compton* v. *McMahan,*
2 West Coast Rep. 188.) The doctrine of equitable con-
version is applied for the purpose of convenience in the
distribution of estates, and in marshaling assets for the
benefit of creditors, and is only invoked at the instance
of parties beneficially interested in the estate. (2 Story's

Eq. Jur., sec. 792; *Beadle* v. *Beadle*, 40 Fed. Rep. 315;
*Compton* v. *McMahan*, 2 West Coast Rep. 189.)

*Ira C. Jenks*, for Respondent.

The direction in the will to convert the real property
into money was imperative, and constituted an equitable
conversion thereof. (3 Pomeroy's Eq. Jur., sec. 1160.)
The property, if converted as directed under the will,
was personal property from the death of the testator, and
assets in the hands of the executrix, and she alone was
entitled to the possession of it, and ejectment would not
lie. (Code Civ. Proc., secs. 509, 738, 1452.)

SHARPSTEIN, J. — This is an appeal from a judgment
entered against the plaintiff and in favor of the defend-
ant, in an action of ejectment.

The record consists of the pleadings, findings, judg-
ment, and a bill of exceptions.

The court found that the plaintiff, Amanda C. Estep,
is the daughter and heir at law of Joseph H. Estep, de-
ceased; that the said Joseph H. Estep was, at the time of
his death, seised in fee and possessed of those certain
lands and premises in the complaint mentioned, known
as the Fitzgerald tract, describing the same according to
the United States survey; that at the time of his death,
said Joseph H. Estep was the owner of the undivided one
half of all the remainder of the land described, as a ten-
ant in common with the defendant, James B. Armstrong,
who owned the other undivided half thereof; that the de-
fendant, at the time of the commencement of this action,
was and still is in possession of certain of the lands in the
complaint described, which lands are fully and particu-
larly described in said finding; that said Joseph H. Estep
left a last will and testament, of which a copy is set out
in said finding, one clause of which only is material in
this case, and that is as follows: "It is my will, that so
soon after my decease as practicable in the judgment of
my executrix hereinafter mentioned, all my property,
whether real, personal, or mixed, be converted into

money "; that said will was duly admitted to probate by the probate court of Lake County, on the twenty-first day of February, 1876; that plaintiff has never at any time been the owner or seised in fee or otherwise, or possessed or entitled to the possession of the lands described in the amended complaint herein, or in any cause or causes of action herein, or of any interest to said lands, or any part thereof, or of any of them; that defendant never at any time did oust or eject plaintiff from any of the lands described in said amended complaint, or in any cause or causes of action set out in said complaint.

The bill of exceptions shows that the facts found by the court in the first, second, third, and fourth findings were admitted, and plaintiff then offered evidence to show the value of the rents of the premises, admitted to have been in defendant's possession at the commencement of this action, to which defendant objected, on the ground that such evidence was incompetent, irrelevant, and immaterial, for the reason that plaintiff had shown by her own evidence that she was never at any time the owner of any right to or interest in the land.

The court sustained the objection, and plaintiff excepted.

An heir may maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator. (Code Civ. Proc., sec. 1452.)

Does the direction contained in the will, to have all his property converted into money as soon as practicable after the death of the testator, deprive the heir of the right to maintain an action for the possession of the real estate of which the testator died seised in fee?

There is no express devise in the will of any of the real estate of which the testator died seised in fee. In *Bergen* v. *Bennett,* 1 Caines Cas. 1, 2 Am. Dec. 281, Kent, J., said: "If a man, by his will, directs his executors to sell his land, this is but a bare authority without interest; for the land, in the mean time, descends to the heir at law, who, until the sale, would, at common law, be entitled

to the profits." It was as well settled when this was said as it is now, that where there is a direction in a will to have land converted into money, the conversion takes place as from the death of the testator. The provision of the code, that "where a will directs the conversion of real property into money, such property and all its proceeds must be deemed personal property from the time of the death of the testator," is simply declaratory of the common law. It was said by the chancellor, in *Haxtun* v. *Corse*, 2 Barb. Ch. 521, that "to deprive an heir or distributee of the property which the law gives him in case of intestacy, the testator must make valid and effectual disposition thereof to some other person." "We think," says the supreme court of Indiana, that "it is well settled by the current of American as well as of English decisions, that a mere direction to an executor to sell lands for the purpose of paying legacies or making distribution does not vest any title to the land in the executor. To cut off the heir at law, the estate must be devised, expressly or by implication, to some other person." (*Clendenning* v. *Lanius*, 3 Ind. 441; 56 Am. Dec. 518.)

The code, in our opinion, has not changed the law in this respect. The code does not declare that a direction to convert land into money shall vest the title to the land in the executor. It leaves the law as it always has been, that the direction in wills, to convert land into money or money into land, is for the benefit of those for whose use the conversion is intended to be made, and that as .to them it is deemed to have been made from the death of the testator. But the code does not provide that such a direction in a will .shall operate as a devise of the land directed to be converted to the executor. In the absence of any devise of the land, the title vests in the heir on the death of the ancestor, and the heir may maintain an action to recover the possession of it against any person other than the administrator or executor.

The findings that the plaintiff is the heir at law of Joseph H. Estep, deceased, and that he died seised in fee of certain of the demanded premises, are in conflict with

the finding "that plaintiff has never been the owner or seised in fee or otherwise, or possessed or entitled to the possession of, the lands described in the amended complaint herein, or in any cause or causes of action herein, or of any interest to said lands or any part thereof, or of any of them." That is a sufficient ground for reversing the judgment.

The court erred in excluding evidence of the value of the rents of the demanded premises while in the defendant's possession. As the heir at law, she was entitled to the rents, issues, and profits of the land so long as she was wrongfully kept out of the possession thereof.

Judgment reversed, and cause remanded for a new trial.

DE HAVEN, J., and McFARLAND, J., concurred.