[L. A. No. 900. Department Two. — August 30, 1901.]

CLARENCE J. BERRY et al., Appellants, v. A. P. EYRAUD et al., Respondents.

ESTATES OF DECEASED PERSONS — POSSESSION OF REALTY — RIGHTS OF HEIRS. — Though the heirs of a deceased person, prior to distribution, have no right of possession and control of the realty as against the administrator, yet, as against strangers who do not claim under the administrator, the heir is entitled to the possession of lands belonging to the estate.

ID. — UNDIVIDED INTEREST — DISTINCT LEASES BY DIFFERENT HEIRS — OIL LEASE — COVENANT AGAINST SALOON — LEASE FOR SALOON. — Where the decedent owned an undivided third interest in land, and one heir only joined with the other owners in a lease thereof as oil-land, covenanting with the lessees not to build a saloon thereupon, the remaining heirs are entitled to be let into possession jointly with the lessees, who do not claim under the administrator, and may lease to third parties the right to build a saloon upon the premises, which does not directly disturb the operations of the first lessees.

ID. — INJUNCTION — MENACE TO OIL PROPERTY. — Whatever rights of injunction the first lessees may have against their lessors for breach of their covenant, they cannot enjoin the lessees of the other heirs from maintaining the saloon, on the alleged ground that it is a menace and danger to their oil-tanks and other inflammable property, with which it does not directly interfere.

APPEAL from an order of the Superior Court of Kern County refusing a temporary injunction. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

C. Linkenbach, for Appellants.

T. M. McNamara, and J. W. P. Laird, for Respondents.

TEMPLE, J. — Appeal from an order refusing a temporary injunction.

The plaintiffs are lessees of a tract of land in Kern County. The land belonged, in equal shares, to Andre Castagnetto, B. W. Jauchins, and the estate of Joseph Queirolo, then recently deceased. At the time of the execution of the lease under which plaintiffs claim, the estate was not in probate. The heirs of Joseph Queirolo were one son and two daughters, all over the age of majority. The lease was executed by Jauchins, Castagnetto, and C. A. Queirolo, son of Joseph Queirolo, but not by the daughters of Joseph Queirolo.

Subsequently to the lease, April 17, 1899, letters upon the estate of Joseph Queirolo were issued to C. A. Queirolo. There was evidence before the court that notice to creditors had been duly given, that there were no debts, and that the estate was ready for settlement and distribution, if the parties interested desired that the administration should be closed.

The land was leased as oil-land, and plaintiffs were proceeding to mine for oil, when the defendants entered and set up a saloon, claiming under a lease made by the two daughters of Joseph Queirolo, deceased, who had not joined in the lease to plaintiffs. The defendants have not disturbed the plaintiffs in their operations, except that it is charged that the existence of the saloon on the premises is a constant menace and danger to the oil-tanks and other property of plaintiffs, which is quite inflammable.

Neither party claims under the administrator, nor has the probate court authorized a lease to be made by him. As against strangers, the right of the heir to the possession of lands belonging to the estate has been expressly recognized. (Code Civ. Proc., secs. 1452, 1581; *Spotts* v. *Hanley*, 85 Cal. 155; *Jordan* v. *Fay*, 98 Cal. 264; *Estep* v. *Armstrong*, 91 Cal. 659.)

No doubt, as contended by appellants, the administrator has the right of possession and control, as against the heirs, during the administration, and I agree with appellants, that it cannot be shown that this right to possession has been lost because the purposes of administration have been accomplished and the estate is ready for distribution. Ordinarily, under such circumstances, the right of the heir is, to force a settlement and distribution. But he cannot oust the administrator from the possession upon the ground that he unduly delays to close the administration.

The defendants are therefore entitled, under their lease, to be let into possession, jointly with plaintiffs, to the extent of the interest of their lessors, so far as authorized by the terms of their lease. It is of no importance, therefore, to determine whether the supposed guaranty against the erection of saloons on the premises contained in their lease would warrant an injunction to prevent its violation against the lessors of plaintiffs.

The order is affirmed.

McFarland, J., and Henshaw, J., concurred.