[Civ. No. 863. Third Appellate District.—November 23, 1911.]

## FRANK GARIBALDI and FRANK DEVENCENZI, Appellants, v. JOHN B. GRILLO, JAMES GRILLO, Sr., and AUGUST GRILLO, Respondents.

MINING CLAIMS—LOCATION OF PLACER CLAIM—ACTION TO QUIET TITLE—FINDINGS—INSUFFICIENT PROOF OF PRIOR DISCOVERY OF GOLD.—In an action to quiet title to a placer mining claim, where the court found that neither the plaintiffs nor the defendants were at any time the owners of the claim, and only the plaintiffs appeal, the rights of the defendants cannot be considered; and the only question is whether the plaintiffs made a sufficient location, or a discovery of gold prior to their location. It is held that the evidence is too slight to show any sufficient discovery of gold prior to the location by the plaintiffs.

ID.—EFFECT OF STIPULATION OF PARTIES AS TO CHARACTER OF LAND—PROOF OF PRIOR DISCOVERY NOT DISPENSED WITH.—The stipulation of the parties "that the land in controversy is unpatented placer mineral land of the United States" could not have the effect to dispense with the necessity of proof that there was an actual previous discovery of gold in paying quantities before a location by either party. The parties were competent to stipulate as to their contending and conflicting rights, but it was necessary for each to show that he had made a discovery of gold such as would satisfy the statute.

ID.—DISCOVERY OF MINERAL PRIOR TO LOCATION ESSENTIAL TO TITLE.—The discovery of mineral is the source of the miner's title, and is an essential prerequisite to a valid location, and must precede the location. This rule applies alike to lode and placer locations; and there must be such a discovery of mineral as gives reasonable evidence of the fact, either that there is a vein or lode bearing the precious mineral, or, in the case of placer ground, that it is valuable for placer mining.

ID.—RULE NOT ARBITRARY—QUESTION OF FACT—ORDINARY PRUDENCE—FAILURE OF TEST.—No arbitrary rule as to what will constitute a sufficient discovery can be stated which will govern all cases alike, either in respect to lodes or placers. The question whether a sufficient discovery has been made is one of fact for the jury to determine, under the guidance of the court. Where minerals have been found, and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success in developing a valuable mine, the requirements of the statute have been met. But the rule is otherwise when the evidence falls short of meeting the statutory requirements as to a discovery of valuable minerals.

APPEAL from a judgment of the Superior Court of Amador County, and from an order denying a new trial. Fred V. Wood, Judge.

The facts are stated in the opinion of the court.

A. Caminetti, and Robert C. Bole, for Appellants.

C. P. Vicini, for Respondents.

CHIPMAN, P. J.—Action to quiet title to a placer mining claim.

The court made findings that neither plaintiffs nor defendants were "at the commencement of the action or at any other time the owners of" the land severally claimed by them or any part thereof. Plaintiffs appeal from the judgment and from the order denying their motion for a new trial. Defendants do not appeal, and are in no position to attack the findings and conclusions of law respecting the land claimed by them. (*Trevaskis* v. *Peard,* 111 Cal. 599, [44 Pac. 246].)

Appellants contend that they made sufficient proof of location and of discovery of gold. There was evidence that they made a location of the ground about August 22, 1908, by staking the corners, posting notice and having the land surveyed. There was no evidence that they marked the boundaries of the claim so as to be readily traced. The notice of location was duly recorded August 24, 1908. The action was commenced February 6, 1909.

The proof of work done or discovery of gold on the claim by plaintiffs is slight and is as follows: Plaintiff Garibaldi testified: "Q. You were present in assisting and prospecting the claim and taking samples out? A. Yes, sir. Q. Just describe what you did. A. Just took two pans of dirt and prospected them one at each place, two places. Q. That was before you located there? A. Yes, sir. Q. You found gold? A. [The witness nodded his head.] Q. Have you ever prospected the ground before? A. No, sir. Q. You know that it had gold from other parties telling you, in paying quantities? A. Yes, sir."

On cross-examination he testified: "I did not do any work on this claim; I did not see any old corners with sticks. I did not know Skinner. I knew Christensen. I did not know

that any man was in possession of this claim. There is no gravel on the surface. I saw lava on the ground; it is hard lava. I do not know how deep it is. I do not know if it is fifteen feet deep. I do not know if it is fifty feet deep in some places. There was gravel on the rims. I mean by rims, the place between the bedrock and the surface. There is water on the dirt in the winter."

Plaintiffs rested on this proof, but, in rebuttal, plaintiff Devencenzi testified: "I have been frequently over the ground for several years before we located it. Our location called for thirty acres. No one was in possession of the ground at the time of our location. There was evidence of mining having been done years ago in the gulch that goes through the land, but no evidence of any recent work whatever. We put our notice of location in a box that was nailed to a tree."

Plaintiffs say in their brief: "It is not claimed that prior to making the location under consideration, plaintiffs actually discovered gold in paying quantities upon the claim located. Appellants contend that such a discovery was not necessary." Furthermore, that the fact that the parties "entered into a stipulation at the outset of the trial, that the land in controversy is unpatented placer mineral land of the United States dispensed with any necessity for proof regarding the formation and peculiar characteristics of the particular district in which the claim is located."

The stipulation referred to was "that the land in controversy is unpatented placer mineral land of the United States." The parties were competent to stipulate as to their contending and conflicting rights, but they could not by stipulation relieve themselves from proving at the trial that they had made a discovery of gold either in placers or in veins or lodes in the land, as contemplated by the laws of the United States. (*Chrisman* v. *Miller,* 197 U. S. 313, [25 Sup. Ct. 468, 49 L. Ed. 770].) Plaintiffs do not pretend to have established their right to the land otherwise than by virtue of their mining location. As they had until the end of the year, 1909, to do the assessment work, it was not necessary to make such proof at the trial, but it was necessary to show that they had made a discovery of gold such as would satisfy the statute. Discovery is the source of the miner's title, is an essential

requisite to a valid location, and must precede the location, and the rule applies alike to lode and placer locations. (1 Lindley on Mines, secs. 335 and 337, and cases cited in notes.) So far as the character of the deposits will admit, the principles governing lodes apply with equal force to placers. (Id.) No arbitrary rule as to what will constitute a sufficient discovery can be stated which will govern all cases either in respect of lodes or placers. This is an illustration of the innumerable instances where the courts must, by the application of the rule of reason, determine what the legislature has failed to define or finds itself incapable of defining. And, hence, whether a discovery has been made is a question of fact for the jury to determine under the guidance of the court. The United States statute does not prescribe what is necessary to constitute a discovery, but there have been many judicial declarations in relation thereto, not always, it must be admitted, free from conflict. Differences, however, may be traced rather to the conflicting peculiarities of the cases than to any substantial difference in respect of certain essential requisites. In the case, *supra,* reported in 197 U. S. 313, [25 Sup. Ct. 468, 49 L. Ed. 770], some definitions are found as given by that court. The case went up on writ of error from the supreme court of this state, where it is reported in 140 Cal. 440, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444]. It was there held, as to oil, that to constitute a discovery, "the law requires something more than conjecture, hope, or even indications. The geological formation of the country may be such as scientific research and practical experience have shown to be likely to yield oil in paying quantities. Taken with this, there may be other surface indications, such as seepage of oil. All of these things combined may be sufficient to justify expectation and hope that, upon driving a well to sufficient depth, oil may be discovered, but one and all they do not in and of themselves amount to a discovery."

The supreme court of the United States affirmed this judgment and from the opinion we quote: "There must be such a discovery of mineral as gives reasonable evidence of the fact, either that there is a vein or lode carrying the precious mineral, or, if it be claimed as placer ground, that it is valuable for such mining." The court quotes the definition given

by the United States land department as follows: "Where minerals have been found, and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine, the requirements of the statute have been met."

Tested by these principles, we cannot say that the learned trial court was without warrant in holding that plaintiffs fell short, in their evidence, of meeting the statutory requirements as to a discovery of valuable minerals. It is only necessary to turn back and read the evidence of plaintiff Garibaldi to confirm the conclusion reached by the trial court. He testified: "Just took two pans of dirt and prospected them one at each place, two places. Q. You found gold? A. [The witness nodded his head]." He had never before prospected the ground and only knew from hearsay that the ground contained gold in paying quantities. He "saw lava on the ground" but did not know its depth. "There was gravel on the rims, the place between the bedrock and the surface. There is no gravel on the surface." He does not state where on the claim he took the two pans of gravel. Plaintiff Devencenzi testified that "there was evidence of mining having been done years ago in the gulch that goes through the land, but no evidence of any recent work whatever." He does not state whether this gulch cut through the lava, nor does he state that any gold was found in this gulch. It is common knowledge that in this state where a lava flow is found inclosed by walls of bedrock, an ancient channel is usually found underneath the lava. And gold is often, but not always, found in such channels in paying quantities. Here, however, we have no description of the ground indicating a flow of lava through an old channel. The evidence is wholly insufficient, it seems to us, to show that plaintiffs made a "discovery" within the meaning of the mining laws.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1912.