[Civ. No. 3937. First Appellate District, Division One.—September 22, 1921.]

## VICTOR E. MEYER, etc., Appellant, v. ALBERT WHITE, Respondent.

[1] SALES—BREACH OF BUYER—DAMAGES—INCONSISTENT FINDINGS.— A finding in an action for damages for an alleged breach of contract to accept delivery of goods sold that plaintiff performed all conditions of the contract on his part and a finding that plaintiff had not suffered damage in any amount are inconsistent, and where the inconsistency cannot be accounted for from the record, the judgment must be reversed.

[2] APPEAL — CONTRADICTORY FINDINGS — REVERSAL OF JUDGMENT.— Where on an appeal taken on the judgment-roll alone the findings are so contradictory and uncertain as to leave the court in doubt as to their meaning, the judgment will be reversed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Henry C. Gesford, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Charles Baer for Appellant.

Albert White, *in pro. per.,* for Respondent.

KERRIGAN, J.—Action for goods sold and delivered, and also for damages.

Plaintiff and defendant entered into an agreement whereby plaintiff agreed to sell and defendant agreed to purchase forty-eight pieces of cloth known as velour, at the agreed price of four dollars and seventeen and one-half cents a yard for each yard contained in the forty-eight

pieces; and also forty pieces of broadcloth at the agreed price of four dollars and twelve and one-half cents for each yard contained therein. In pursuance of this agreement plaintiff alleges that he delivered to defendant and defendant accepted as part of the goods so contracted for thirty pieces of velour containing 1,598⅞ yards, and four pieces of broadcloth containing 230⅝ yards. The purchase price of the portion so delivered amounted to the sum of $7,626.64, and defendant paid on account thereof the sum of $3,000, leaving a balance due of the sum of $4,626.64. This amount is sought to be recovered by the first count of the complaint.

By a second count plaintiff alleges that thereafter he offered to deliver to defendant under the terms of the contract an additional amount of five pieces of velour, containing 299⅞ yards, and also five pieces of broadcloth containing 263⅞ yards, both being tendered at the agreed price. Defendant, so it is alleged, refused to accept these further deliveries, and plaintiff claims that on account of such refusal he has been damaged in the sum of $709.59.

Defendant by answer and cross-complaint claimed that the goods sold and delivered to him were not up to sample, and he prayed for the return of the sum of $3,000 paid by him under the contract.

Relief on both counts was prayed for by plaintiff in the sum of $5,336.23. Judgment, however, was rendered in his favor for the full amount prayed for in the first cause of action, but the court refused to award any damages under the second count. Plaintiff appeals from that portion of the judgment denying these damages.

Upon the second cause of action the trial court found that plaintiff, in pursuance of his agreement, offered to deliver the ten pieces of cloth as alleged, but that defendant, in violation of his contract and without any just cause or reason, refused to accept the same. It also found that the reasonable market value of the velour was only three dollars per yard, and the broadcloth $2.85 per yard at the time of the offer of delivery. Further findings are to the effect that plaintiff performed all the conditions of the agreement on his part to be performed, and was at all times ready, able, and willing to deliver all the merchandise in accordance with the agreement.

The court further found, however, that plaintiff had not suffered damage in the amount claimed or in any other sum by reason of the failure and neglect of the defendant to receive, accept, and pay for the goods mentioned, and was not entitled to recover damages from the defendant on account thereof.

[1] The findings are, therefore, inconsistent. [2] We are unable to account for this inconsistency, the appeal being on the judgment-roll alone. Under such circumstances and where, as here, the findings are so contradictory and uncertain as to leave the appellate court in doubt as to their meaning, the judgment will be reversed (*Sloss* v. *Allman,* 64 Cal. 47, [30 Pac. 574]).

The appeal is directed solely to that portion of the judgment refusing damages under the second count of the complaint. The judgment on the first count will therefore stand, and that portion of the judgment refusing plaintiff the relief sought under his second count will be, and the same is hereby, reversed, and the cause remanded to the court below to take evidence and make a proper finding upon the question of damages. (*Mayberry* v. *Whittier,* 144 Cal. 322, [78 Pac. 16]; 2 Hayne's New Trial and Appeal, p. 1692 et seq.)

Waste, P. J., and Richards, J., concurred.