[L. A. No. 12345. In Bank.—December 28, 1932.]

HOLLYWOOD CLEANING & PRESSING COMPANY, Respondent, v. HOLLYWOOD LAUNDRY SERVICE, INCORPORATED, Appellant.

Walter H. Hewicker, and O'Melveny, Tuller & Myers for Appellant.

Meserve, Mumper, Hughes & Robertson for Respondent.

THE COURT.—This appeal is from the same judgment involved in L. A. No. 12102, this day decided (*ante,*

p. 124 [17 Pac. (2d) 709]). The present appeal, however, is prosecuted by the defendant from that portion of the judgment adverse to it, while L. A. No. 12102 was an appeal by the plaintiff on the judgment-roll from that portion of the judgment adverse to it. The present appeal is by the alternative method, so that the entire record is before us.

It is not necessary to restate all of the facts, as some of the facts pertinent to this appeal have been stated in L. A. No. 12102, to which reference is hereby made. There can be no doubt that the evidence clearly shows that defendant and plaintiff entered into a written contract whereby defendant agreed that for a period of ten years (April 18, 1924, to April 17, 1934) it would solicit, together with its general laundry business, dry cleaning, dyeing and pressing business, and would turn over to the plaintiff exclusively all of the dry cleaning, dyeing and pressing business it thus acquired. Defendant expressly agreed that all during the ten-year term of the contract it would advertise for and solicit such business in order to secure the maximum thereof. Plaintiff agreed that defendant was to retain thirty-seven and one-half per cent of the proceeds of all such business as its commission, and agreed to provide proper facilities at its plant to handle all of the business so acquired. The evidence amply supports the finding that for a short period after the agreement was entered into both parties lived up to its terms and conditions. The court found that "about the month of January, 1925, defendant, without cause or justification, breached said agreement and sent only a part of its dry cleaning, dyeing and pressing business to the plant of plaintiff, and thereafter from on or about the 21st day of March, 1925, without cause or justification, defendant failed and refused, in all respects and in every respect, to comply with the terms of said written agreement, and from and after the 21st day of March, 1925, defendant failed and refused to send any of its said business to plaintiff." The court also found that plaintiff complied with all the terms of the contract, and after its breach was ready, able and willing to perform. These findings are amply supported by the record, and cannot, under well-settled principles, be now disturbed.

After defendant had breached the contract and refused to comply with any of its terms, plaintiff elected to treat defendant's breach as terminating the contract, and in September of 1926, brought this action for the damages it had already sustained and would sustain during the entire period of the contract. The case went to trial in March of 1929, and resulted in a verdict for plaintiff in the sum of $43,865. The trial court allowed as damages the profits lost by plaintiff by reason of defendant's breach from the date of breach to the date of trial, and also the loss of prospective profits from the date of trial to the termination date of the contract. The trial court made separate findings as to past and future damages, but in rendering judgment added both sums together and rendered judgment for the total.

In the briefs filed with the District Court of Appeal in this case defendant contended that it was error for the trial court to award as damages the prospective profits for the period from the date of trial to the termination date of contract. This contention was based on certain language appearing in *Muldrow* v. *Norris*, 2 Cal. 74 [56 Am. Dec. 313], and *Selden* v. *Cashman*, 20 Cal. 57 [81 Am. Dec. 93.] It is true that there is language in those two cases tending to support defendant's position that such prospective profits are not a proper element of damage, but the more recent cases have clearly established the rule that when an action is brought for breach of a contract before the termination date of the contract, the injured party may recover not only the damages that have accrued at the time of trial, but also the loss that will be incurred for the balance of the contract period. (*Seymour* v. *Oelrichs*, 156 Cal. 782 [106 Pac. 88, 134 Am. St. Rep. 154]; *McConnell* v. *Corona City Water Co.*, 149 Cal. 60 [85 Pac. 929, 8 L. R. A. (N. S.) 1171].) It is true that in most cases the determination of future damage is surrounded with many difficulties, but it hardly rests with defendant to complain of such difficulties, since they exist only because of the wrongful act of the defendant, itself. (*Seymour* v. *Oelrichs, supra.*) It should be mentioned that defendant, in its later briefs has virtually conceded that it was in error on this point, and that upon proper proof, plaintiff is entitled to both past and future damages.

 The sole point now urged by defendant is that the finding in reference to past damage is totally inconsistent with and contradictory to the finding in reference to future damage; that under the evidence in this case the finding as to future damage was predicated on the finding as to past damage; that both findings cannot be correct; that because of the alleged inconsistency the judgment must be reversed. We are inclined to the belief that defendant is correct in this regard.

The trial court found, as already stated, that defendant partially breached the contract in January of 1925, and totally breached the contract in March, 1925. The case went to trial in March, 1929. It therefore follows that at the time of trial there had elapsed a period of three months during which the contract was partially breached, and a period of approximately four years during which the contract had been totally breached. In reference to this period, which we will designate as the period of "past" damage, the court found that had the defendant complied with the terms of the agreement plaintiff "would have received prior to the commencement of the trial of this action dry cleaning, dyeing and pressing business from defendant . . . in such amount that plaintiff would have realized and would have made as its net profit . . . the sum of $7,150.00". In one place in this finding the trial court stated that this sum of $7,150 was awarded to plaintiff for the period from the date of the breach to the date of the "commencement of this action" (September, 1926). A reading of the entire finding, however, clearly indicates that this was a mistake and that the intent was that the award should be for damages accruing from the date of breach to the date of trial (March, 1929).

After finding that the plaintiff had suffered damage for this period of approximately four years in the sum of $7,150, the court found that for the period from the date of trial (March, 1929) to the termination date of the contract (April 17, 1934), the plaintiff would have made a net profit of $36,715. This award was made for a period of approximately five years, which period will be hereafter referred to as the period of "future" damage. If the awards for past and future damages be reduced to a yearly figure, we find that the trial court awarded plain-

tiff approximately $1787.50 per year for past damage, and approximately $7,343 per year for future damages. We have searched the record carefully and can find no evidence which would justify this large disparity between past and future damages. Plaintiff admits that the only evidence of damage in the record is evidence of past damage. The only way the trial court in this case had to determine with reasonable certainty the amount of future damage was by the evidence of past damage. In other words, the finding as to future damage, under the evidence produced, was necessarily dependent upon the evidence as to past damage. We find no evidence in the record that could possibly justify a conclusion that future damage would accrue at approximately four times the rate of past damages. Since this is so, it is obvious that both findings cannot be correct. In fairness to plaintiff it should be stated that had the trial court found that plaintiff's past damages had accrued at the rate actually found for future damages, such finding would have ample support in the record. Stated in another way, there is ample evidence to the effect that plaintiff's loss for the four years immediately preceding the trial was in excess of $7,343 per year. Since future damages can properly be estimated from past damages it therefore follows that the trial court's finding as to future damages finds support in the record. But it is likewise true that the evidence as to past damages was highly conflicting. Defendant offered evidence which if believed would indicate that plaintiff's past damages were not as large as found by the trial court. The lower court, faced with the problem of ascertaining the proper amount of damage, both for the past and future, chose to believe that the past damage actually incurred was approximately $1787.50 per year. Since the finding of future damages, under the evidence offered, necessarily had to be predicated on the amount of past damages, the finding that awarded future damages at a rate approximately four times that awarded for past damages, is highly inconsistent with and contradictory to the finding of past damage. This court cannot uphold the finding of future damages, even though it is supported by the evidence, and disregard the finding as to past damage, when such findings are dependent upon each other and are both necessary in order to sustain the

judgment, when such findings are utterly contradictory and cannot possibly be reconciled. ■ Although it is true that findings must be liberally construed to support the judgment if possible, it is equally true that where there are contradictory, irreconcilable findings about matters material to a proper disposition of the case, the appellate court can do nothing but reverse the case. (*Learned* v. *Castle,* 78 Cal. 454 [18 Pac. 872, 21 Pac. 11]; *Estep* v. *Armstrong,* 91 Cal. 659 [27 Pac. 1091]; *Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]; *Clavey* v. *Loney,* 80 Cal. App. 20 [251 Pac. 232]; *Meyer* v. *White,* 54 Cal. App. 293 [201 Pac. 801].)

■ Plaintiff seeks to avoid the application of the above rule on the theory that since the evidence does support the finding of future damage, the finding as to past damage is incorrect. This contention is without merit. Plaintiff has not appealed from this portion of the judgment and so, of course, is in no position to attack the findings or conclusions of law. (*Trevaskis* v. *Peard,* 111 Cal. 599 [44 Pac. 246]; *Garibaldi* v. *Grillo,* 17 Cal. App. 540 [120 Pac. 425].) This is not a case where the evidence as to damage, either past or future, is uncontradicted. The evidence as to damage was highly conflicting, and for that reason we cannot say as a matter of law that either the finding as to past damage or the finding as to future damage was correct or incorrect. Either finding, standing alone, finds support in the record, but together they are contradictory and irreconcilable. Both cannot be correct and this court has no power to determine on conflicting evidence which is correct.

■ Defendant contends that all the plaintiff can recover is the past damage as found by the trial court, and future damage computed on the same basis. It is argued that plaintiff, not having appealed from this portion of the judgment, cannot attack either of the findings as to damage. This, as we have seen, is correct. But it is further argued that defendant can attack either or both findings, and that since defendant concedes the finding as to past damage is correct, that finding is conclusive, not only on plaintiff but also upon this court. This contention is without merit. The judgment in this case was for $43,865, which sum included the amount found by the trial court as to future as well as past damage. Defendant has appealed from that

money judgment. The entire judgment is before us for review and no concession on the part of defendant as to the correctness of any particular finding can estop this court from passing on the correctness of the judgment as a whole.

From what has already been said it is obvious that that portion of the judgment appealed from by defendant must be reversed. There is no reason, however, for the retrial of any issue other than that of damage, both as to the past and future. The existence of the contract is undisputed. Defendant has conceded that the finding of the trial court that defendant breached the contract without cause is amply supported by the record, and cannot, for that reason, be successfully attacked on this appeal. The evidence clearly · establishes that plaintiff abided by all the terms of the contract. The only issue still to be determined is the amount of damage, both past and future, that plaintiff has suffered by reason of the breach.

The portion of the judgment appealed from by defendant is therefore reversed and the cause remanded for a retrial of the issue of damage only.

Rehearing denied.