[Civ. No. 1056. Fourth Appellate District.—September 28, 1933.]

JOSE I. INGA, Respondent, v. CASPAR F. BLUM, Appellant.

Drumm, Tucker, Martell & Drumm for Appellant.

A. L. Hubbell for Respondent.

JENNINGS, J.—Plaintiff instituted this action in claim and delivery to recover from defendant the possession of a certain automobile truck or the value of said truck and damages for its detention in case delivery could not be had. The defendant filed an amended answer in which it was alleged that defendant was the regularly elected and duly qualified constable of Escondido Township in the county of San Diego; that an action was brought against plaintiff in the Justice's Court of Temescal Township, Riverside County, for the recovery of a sum less than $300; that a judgment was rendered against the defendant in said action by the justice of the peace for the sum of $178.19 and costs; that the defendant in said action, plaintiff herein, was a resident of the county of Riverside at the time when the obligation therein sued on was incurred and thereafter departed from Riverside County. The amended answer further contained denials that the truck was of the value alleged in the complaint and that the value of its use was as therein alleged and that the detention of the truck was wrongful. Further allegations contained in the pleadings show that possession of the truck was taken by defendant by virtue of a writ of execution issued by the Justice's Court of Temescal Township in Riverside County, in the aforesaid action. Trial of the present action resulted in the rendition of a judgment in plaintiff's favor for the value of the truck, which the court found was $50, and for the value of its use, which the court found was $25 per month. From the judgment thus rendered defendant appeals.

The chief problem presented to the trial court related to the jurisdiction of the Justice's Court of Temescal Township over the subject matter and person of respondent in the action brought against respondent in said court. The court found that the execution under which appellant sought to justify the seizure of the truck was issued on a judgment of the aforesaid Justice's Court in Riverside County in the above-mentioned suit brought against respondent in said justice's court; that the cause of action therein was for a debt contracted in Orange County and at the time the action was commenced respondent was a resident of San Diego

County and that respondent had made no agreement in writing to pay the obligation and that the Justice's Court in Riverside County had no jurisdiction over the action and its judgment rendered in said action was therefore null and void.

The court's finding that the cause of action in the suit brought against respondent in the Justice's Court in Riverside County was for a debt contracted in Orange County is not supported by the evidence. It was shown that respondent resided at Prado, in Riverside County, in the years 1924, 1925 and 1926; that he operated a store at Prado during the months of July, August, September, October, November and December in the year 1924; that during the aforesaid months at Prado he ordered merchandise from salesmen of Booth & Company, a wholesale grocery establishment at Santa Ana, Orange County; that the merchandise thus ordered by him was delivered at the store in Prado; that the action in the Justice's Court in Riverside County in which respondent was the defendant was for the balance claimed to be due for the merchandise bought from Booth & Company.

The above-mentioned facts indicate that the action for the recovery of the purchase price of the merchandise was properly brought in the Justice's Court in Riverside County and that the said justice's court had jurisdiction of the subject matter of the suit, in accordance with the provisions of subdivision 7 of section 832 of the Code of Civil Procedure, as this section read when the action was instituted. This section then provided as follows:

"Actions in justices' courts must be commenced and, subject to the right to change the place of trial, as in this chapter provided, must be tried: . . .

"7. *When a person has contracted to perform an obligation* at a particular place, and resides in another county, township, or city—in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred is deemed to be the township or city in which it is to be performed, unless there is a special contract in writing to the contrary."

The evidence which was submitted to the court showed that when the justice court action was instituted respondent

was a resident of San Diego County and that the obligation was incurred in Temescal Township, Riverside County. The record shows that no evidence of a written contract for purchase of the merchandise was presented. Since the obligation was incurred in Temescal Township this township is deemed to be the township in which the obligation was to be performed and the action was properly brought in the Justice's Court of Temescal Township, which had jurisdiction of the action (*Roberts* v. *Superior Court,* 30 Cal. App. 714 [159 Pac. 465]).

As to whether the justice's court acquired jurisdiction of the person of respondent, the evidence was conflicting. Respondent testified that process in the action was never served upon him. Appellant, on the other hand, testified that he made service of process upon respondent. Furthermore, the original summons, having attached thereto an affidavit of service of process on respondent, was admitted in evidence.

The trial court made no specific finding with respect to the fact of service of process in the justice court action. The court did, however, make the following finding: "That the allegations of the plaintiff's complaint, except allegations of value, and the allegations of defendant's amended answer are untrue." Among the allegations of the complaint which is not an allegation of value is the following: "That the complaint and summons in said action [the action instituted in the justice's court of Temescal township] were never served on this plaintiff and this plaintiff made no appearance in said action . . . that the summons and complaint in said action was served on one Jose Inga, a cousin of this plaintiff." The court's blanket finding that the allegations of the complaint are untrue covers the above-quoted allegation and indicates that the court found that service of process in the justice court action had been made upon respondent. However, among the allegations of the amended answer we find the following: "That the summons duly filed in said action [the justice court action] shows due and legal service thereof on the defendant, Jose I. Inga, and is among the files in said action." There is also a general denial of each and every allegation contained in paragraph III of the complaint. Paragraph III of the complaint contains the hereinabove quoted allegations to the effect that summons

and complaint in the action brought in the Justice's Court of Temescal Township were never served upon respondent but were served on Jose Inga, a cousin of respondent. The effect of the court's blanket finding that the allegations of the amended answer are untrue amounts, therefore, to a finding that process in the justice court action was never served upon respondent. It thus appears that with respect to the fact of service of process in the action filed in the Justice's Court of Temescal Township, the trial court has made inconsistent and conflicting findings.

It is obvious that the trial court should have made a definite finding with respect to the fact of service of process. Jurisdiction by a court of the parties to an action is as necessary as jurisdiction of the subject matter of the action (7 Cal. Jur., p. 597). ▮▮ It may be urged that the fact of service of process in the action in the justice's court is immaterial for the reason that in said action service of process outside the county wherein the justice's court was located was not permitted. Such a contention may not be sustained. Subdivision 4 of section 848 of the Code of Civil Procedure, as this section read when, according to appellant's evidence, the process was served on respondent, specifically permitted service of summons in all cases brought in justices' courts "where the defendant was a resident of the county when the action was brought, *or where the obligation was incurred* [italics ours] and thereafter departs therefrom, in which event he may be served wherever he may be found". The uncontradicted evidence showed and respondent's counsel stipulated that respondent lived at Prado, Riverside County, through the years 1924, 1925 and 1926, and that he thereafter departed therefrom. The evidence further showed that respondent ordered the merchandise at Prado during the year 1924. There can be no doubt that the obligation which formed the basis for the action instituted in the Justice's Court of Temescal Township was incurred in Riverside County. Service of summons in the action was therefore specifically permitted by the aforesaid provisions of section 848 of the Code of Civil Procedure (*Roberts* v. *Superior Court, supra*).

▮▮ It is the rule that when findings of material facts are at variance and irreconcilable there is no showing that

the facts found support the judgment rendered and a reversal of the judgment is required. (*Learned* v. *Castle,* 78 Cal. 454 [18 Pac. 872, 21 Pac. 11]; *Estep* v. *Armstrong,* 91 Cal. 659 [27 Pac. 1091]; *Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]; *Hollywood Cleaning & Pressing Co.* v. *Hollywood Laundry Service, Inc.,* 217 Cal. 131 [17 Pac. (2d) 712]; *Clavey* v. *Loney,* 80 Cal. App. 20 [251 Pac. 232]; *Meyer* v. *White,* 54 Cal. App. 293 [201 Pac. 801].)

We have heretofore pointed out that the court's findings with respect to the fact of service of process in the action instituted in the Justice's Court of Temescal Township upon respondent are inconsistent and irreconcilable and that the fact of such service upon which the evidence was conflicting was a fact which was material to the trial.

It follows, therefore, that the judgment from which this appeal has been taken must be and the same is hereby reversed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 27, 1933.