[Civ. No. 22912. Second Dist., Div. Three. Oct. 17, 1958.]

Estate of JAMES E. HARVEY, Deceased. ANNIE B. HARVEY, Appellant, v. JESSE M. HARVEY, Respondent.

 

Harry Boxer for Appellant.

William F. Peters for Respondent.

VALLÉE, J.—Appeal from part of a judgment determining interests in an estate.

James E. Harvey died testate on December 13, 1954. He was survived by his wife, appellant Annie B. Harvey, two daughters, Anita Fisher and Betty Ernestine Harvey, and a sister, Ruby Fulks. In his will, duly admitted to probate, he required his wife to elect to take under the will in lieu of her community interests; and declared that if she should elect to take her community rights as provided by law and not under the will, all provisions for her in the will should lapse.

The will declared that the home of the deceased and his wife was community property, devised it to the wife, and bequeathed various articles of personal property to her. The residue of the estate was left in trust, one-quarter of the net income therefrom to be paid to the widow, each daughter, and the sister. Jesse E. Harvey and Jesse M. Harvey were named trustees. The will contained an *in terrorem* clause which provided that any beneficiary who should contest any provision of the will should take nothing.

Appellant filed a petition for a judgment determining interests in the estate, alleging that the entire estate was community property and that she was entitled to distribution of half thereof. Jesse M. Harvey, executor of the will and one of the named trustees, filed a statement of his interest in the estate, alleging that the estate consists of separate property with the exception of an account in Bank of America which, he stipulated, was community property.

The court found that two parcels of realty, a life insurance policy, all automobiles owned by the decedent at death, a bank account in Bank of America, a half interest in another bank account, and clothing and personal effects were community property and that appellant is entitled to have an undivided interest therein distributed to her; that the family home was held in joint tenancy by the decedent and appellant. The court further found that the remaining assets of the estate were separate property of the decedent and concluded they

should, on petition therefor, be distributed to the trustees, excluding any interest on the part of appellant. Judgment followed accordingly. The appeal is from the judgment save and except those parts adjudging that certain items were community property and that the home place was held in joint tenancy.

Appellant first claims that respondent, as executor, had no authority to litigate or resist her claims. The point is not tenable. ██ Respondent is named as one of the trustees of the trust created by the will. The trustee is a devisee, his rights vesting *as of the date of the testator's death.* (1 Nossaman, Trust Administration and Taxation, 2d ed., 422, § 26.06, 429, § 27.01.) ██ "In its capacity as trustee the appellant has a vested interest in the property of the estate, and the terms of the trust impose upon it the duty of protecting that property from all unnecessary expenses and claims. There can be no doubt that in that capacity it had power to oppose the petition for sale, and has the right of appeal to this court from an adverse decision thereon." (*Estate of Rawitzer,* 175 Cal. 585, 587 [166 P. 581].)

The court found that appellant contested the will, and adjudged that by reason thereof she is not entitled to take under the will. Appellant asserts the finding is unsupported by the evidence. The point is untenable. There was evidence that appellant unsuccessfully contested the will. ██ By contesting the will appellant forfeited all rights thereunder. (*Estate of Fuller,* 143 Cal.App.2d 820 [300 P.2d 342].)

Appellant and the decedent were married in January 1934 and lived together until his death in 1954. Beginning prior to 1920 and until about 1946 the decedent was engaged in the sand and gravel business with two of his brothers, Jesse and Frank. The business was conducted by a corporation and a partnership. Frank died about 1946. In 1950 the corporation was dissolved and its assets and those of the partnership were distributed to the decedent, Jesse, and Frank's estate in equal parts. All of the property involved in this proceeding was owned by the decedent prior to his marriage to appellant except the bank account in Bank of America. Appellant's contention at the trial was that the decedent and she entered into an executed oral agreement by which the decedent's separate property was transmuted into community property.

The inventory listed these items as property of the estate: (1) bank account, Bank of America; (2) clothing and personal effects; (3) automobiles; (4) a parcel of realty at

2346-48 Hunter Street, Los Angeles; (5) a parcel of realty at 2342-42½ Hunter Street, Los Angeles; (6) a parcel of realty; (7) and (8) an undivided one-third interest in two parcels of realty; (9) a parcel of realty; (10) a parcel of realty; (11) miscellaneous auto and truck parts; (12) three power shovels; (13) miscellaneous office equipment; (14) a promissory note; (15) a half interest in another bank account. The appraised value of the estate is $82,591.58.

The court found, concluded, and adjudged that items 1, 2, 3, 5, 10, 15, and a life insurance policy were community property. It found, concluded, and adjudged that the remaining items were separate property of the decedent.

Appellant contends the findings were prejudicially inconsistent and irreconcilable. We agree. Items 4, 6, 7, 8, 9, 11, 12, 13, 14, and 15 were acquired by the decedent about February 1950 by reason of the dissolution of his business enterprises and the distribution to him of his pro rata share of the assets. His interest in the business was acquired prior to marriage. Items 5 and 10 were acquired by the decedent prior to marriage. The court found them to be community property.

Appellant, the two daughters of appellant and the decedent (testifying against their pecuniary interests), and several apparently disinterested witnesses testified to facts which showed that appellant and the decedent had entered into an executed oral agreement transmuting all, not part, of his separate property into community property. Respondent's position below was that all of the property standing in the name of the decedent was his separate property. There was no evidence that part of the property was community and part separate, yet the court found that items 5, 10, and 15 were community property and that items 4, 6, 7, 8, 9, 11, 13 and 14 were separate property of the decedent. There is no evidence in the record warranting a division of items 4 to 15, inclusive, into separate categories. On the evidence, they are either all community property or all separate property.

The inconsistency in the findings is obvious. On the one hand the court found there was an executed oral agreement transmuting separate property into community, and on the other hand found there was no such agreement with respect to property which was acquired by the decedent simultaneously with the property found to be community. In other words, the court found there was an executed oral agreement transmuting separate property owned by the decedent at the

time of his marriage into community property, and at the same time found there was no such agreement with respect to other property owned by him at the time of his marriage.

The conflict in the findings is clear, irreconcilable, and material. It is impossible to harmonize them. ■ Where the findings are contradictory and irreconcilable with respect to matters which are material to the merits of the case, and the determination of them, one way or the other, is essential to the correctness of the judgment, the judgment cannot stand. (*Andrews* v. *Cunningham,* 105 Cal.App.2d 525, 529 [233 P.2d 563]; *Malley* v. *Sierra Manufacturing Co.,* 118 Cal.App.2d 643, 650 [258 P.2d 522].) ■ "Although it is true that findings must be liberally construed to support the judgment if possible, it is equally true that where there are contradictory, irreconcilable findings about matters material to a proper disposition of the case, the appellate court can do nothing but reverse the case." (*Hollywood Cleaning & P. Co.* v. *Hollywood L. Service,* 217 Cal. 131, 137 [17 P.2d 712].)

The part of the judgment appealed from is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 12, 1958, and respondent's petition for a hearing by the Supreme Court was denied December 10, 1958. Schauer, J., was of the opinion that the petition should be granted.