ETHEL FRANCES MARTIN AND JAMES E. MARTIN, WIFE AND HUSBAND IN THEIR OWN BEHALF AND IN BEHALF OF ALL STOCKHOLDERS OF LUCY GRAY MINES, A CORPORATION, SIMILARLY SITUATED, AND LUCY GRAY GOLD MINING COMPANY, A CORPORATION, APPELLANTS, v. A. C. STERNER, RESPONDENT.

No. 4166

June 29, 1959                                        340 P.2d 1004

*Charles H. Miles, Jr.,* of Las Vegas, for Appellants.

*Cory, Denton & Smith,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

The case below involved a conflict between plaintiffs, alleging their ownership of an unpatented lode mining claim in Clark County known as the Lucy Gray, and the defendant who had relocated the same ground under the name of Arco after an asserted abandonment of the ground by the former owners and after a forfeiture by the former owners by reason of failure to perform the required annual assessment work for a number of years. The plaintiffs relied on their resumption of work prior to defendant's asserted relocation, and also attacked such relocation as invalid for want of an antecedent discovery of mineral in place, relying on Garibaldi v. Grillo, 17 Cal.App. 540, 120 P. 425.

The names of the parties appearing as plaintiffs and subsequently as appellants herein demand attention. The complaint was first filed on behalf of the Martins, in their own behalf, "and in behalf of all stockholders of Lucy Gray Mines, a Nevada corporation similarly situated." It is agreed that so far as known there was and is no such corporation as Lucy Gray Mines. Defendant having raised the question of the capacity of the plaintiffs to sue, the plaintiffs filed a supplemental and amended complaint alleging that the plaintiffs had caused the Lucy Gray Gold Mining Company to be reinstated as a Nevada corporation by paying penalties for

failure to file a list of officers and directors and certificate of resident agent from 1938 to 1954, inclusive, and had obtained a certificate of reinstatement on June 18, 1956, over three months after the filing of the original complaint.

The court minutes show that on stipulation of the parties Lucy Gray Gold Mining Company was added "as the party plaintiff." During the proceedings defendant asked that it be made clear to all who the party plaintiff was, and defendant's counsel agreed that the plaintiff was "Lucy Gray Gold Mining Company * * * together with Mr. and Mrs. Martin for and on behalf of the corporation."

The main contentions of appellants, as we understand them from the briefs and the oral argument, are (1) that the evidence does not support the finding of an abandonment of the Lucy Gray Lode by the plaintiffs, and (2) that even if there had been such an abandonment, the evidence discloses such a resumption of work in good faith by the plaintiffs, prior to the discovery and location by the defendant, as to preclude the defendant's location of the ground as the Arco. In view of the fact that the corporation, then owner of the Lucy Gray Lode, ceased doing business in Nevada in 1938, was not reinstated until June 1956, a period of some eighteen years, that the property had remained dormant during this entire period, that it was relocated in 1945 by one Harry Trehurne, that Trehurne performed annual labor through 1948, that the claim was then relocated by Robert Bright and Gray Bright in 1951, and that those relocators performed no annual labor thereafter, that in 1955 one Frank Mahoney posted a notice of location but did no further work thereon, that during the history of such relocations Lucy Gray Gold Mining Company took no action to contest or attack the same, it would appear that the finding of abandonment is amply supported by the record.

In support of the assertion of resumption of work, appellants refer to the testimony showing that Mrs.

Martin and her party went to the claim on August 21, 1955, "took geiger counters, black lights, picks and shovels, took samples, posted notices, checked some of the monuments, did some painting on the old mining equipment, posted notices of resumption of labor, knocked off pieces of the sides of a drift, enlarged a drift, took some ore from the area of the drift, and marked and checked boundaries" on that date. The reference to taking ore from the drift had mainly to do with sampling. On the following weekend appellants did some work on the road and cleaned up one of the cabins. The testimony mentioned some other work minor in character. There were other weekend visits to the claim. The trial judge after indicating that there was no pretense that any attempt was made to relocate the property, remarked: "They went on and just assumed to do some things. I am not much impressed with what they did * * *."

Appellants contend that there was other evidence of resumption of work. On October 6, 1955 Mrs. James E. Martin, signing herself as "Mgr. Owner Lucy Gray Mines," mailed respondent copy of a publication signed by Louise Gray Bright, certified by a notary to the effect that Mrs. Kenneth N. Bright (Louise Gray Bright) appeared before her and signed the notice on August 23, 1955. In this notice the signer declared that the Lucy Gray Mine "has been abandoned and I, as a former owner, do hereby declare that by right of possession do this day, together with Ethel Frances Martin, James Earl Martin, Burton James Martin (a minor), Steven David Martin (a minor), Kenneth Gray Bright, Helen Opal Bright, Robert Leonard Bright and Mary Judy Bright, do take possession of the Lucy Gray Mine, and serve notice herewith of intention of doing assessment work and shall become the only legal owners of said mine * * *." The plaintiffs further recorded, with the county recorder of Clark County, an "Affidavit of Resumption of Labor by Owners." This notice was signed by Ethel Frances Martin and Lucy Gray Bright as

owners, and stated that labor was resumed in the interest of the signers and certain others. On February 27, 1956 Mrs. Martin, signing as manager, partner, and owner, filed an affidavit of assessment work. On June 17, 1957, something over a year after the suit was commenced, a further affidavit of assessment work was filed, which affidavit stated for the first time that the claim was owned by Lucy Gray Gold Mining Company, Inc.

It is clear that all of the actions, filings, publications and notices thus relied on were the actions of individuals and not of the corporation. They definitely say that the Lucy Gray Mine has been abandoned and that they are claiming as former owners, and that they intend to do assessment work. The only answer of appellants to this very obvious situation is that the individuals were unfamiliar with legal matters and unfamiliar with the theory of the corporate entity. The trial court found such purported explanation to be void of merit, and could not very well have held otherwise.

The contention that the evidence shows that there was such resumption of work in good faith by or on behalf of Lucy Gray Gold Mining Company, a corporation, as to prevent a relocation is without merit. This conclusion obviates the necessity of our determining the legal effect, hotly debated by counsel, of an abandonment as distinguished from a forfeiture, bearing upon an asserted subsequent resumption of work.

Appellants devote most of their brief, and devoted most of their oral argument, to the contention that there had been no antecedent discovery of ore in place by respondent to support his relocation of the Arco. They concede that a subsequent discovery of ore in place, in the completion of his location work, would support his location if their resumption of work had not intervened. Berto v. Wilson, 74 Nev. 126, 324 P.2d 843; Cole v. Ralph, 252 U.S. 286, 40 S.Ct. 321, 64 L.Ed. 567. They insist, however, that the burden was on respondent to prove his antecedent discovery before the asserted resumption of work. We have seen that there was no resumption.

Respondent's testimony is that he posted his notice of

location September 1, 1955, erected his corner monuments and side center monuments September 10, 1955, and completed discovery and location work on October 29, 1955 by constructing a vertical shaft 11 feet deep by 6 feet square, which showed values in gold, silver and copper, satisfying him that it was a valuable mine. See Berto v. Wilson, supra.

On November 9, 1955 he recorded his certificate of location, which the court found to be in full compliance with requirements of the statute.

Affirmed.

MERRILL, C. J., and MCNAMEE, J., concur.