ELMER YOUNG, Respondent, v. JOHN HAAR PICKLE COMPANY et al., Appellants.

Harry J. Miller for Appellants.

Palmer & York for Respondent.

SCHOTTKY, J.—This is an appeal from an order denying a motion for change of venue.

Respondent commenced an action in Napa County against defendants to recover damages for failure to accept cucumbers sold by plaintiff under a written contract which provides that respondent is the seller and John Haar Pickle Company is the buyer, by G. H. Goodale, agent. The complaint includes Lady's Choice Foods as a defendant, alleging that the written contract was entered into between respondent and all of said defendants. All of the defendants joined in a motion for a change of venue from Napa County to Los Angeles County, the principal place of business of Lady's Choice Foods, or, in the alternative, to Alameda County where John Haar Pickle Company has its principal place of business and defendant Goodale is a resident. The motion was made upon the ground that none of the defendants were residents of Napa County

and that defendants did not contract to perform any obligation in Napa County but that any contract by any defendant was to perform obligations in Alameda County. Defendants' motion was supported by affidavits and respondent filed a counteraffidavit alleging that the contract was entered into and signed at the farm of respondent in the town of Oakville in Napa County.

The contract states that the cucumbers shall be delivered to the pickup point at Rutherford in Napa County and that the buyer will make weekly payments for cucumbers delivered.

The court in denying the motion for change of venue made the implied findings that the contract was made in Napa County and that it was to be performed in Napa County. There is ample support for such findings. Appellants assert that the complaint does not state a cause of action against Goodale because he only purported to sign as an agent. However, Goodale did negotiate the contract and the complaint alleges that the contract was entered into by all defendants, and it can hardly be determined upon a motion for change of venue whether he has some individual liability.

Under section 395 of the Code of Civil Procedure the action was properly commenced in Napa County as to the individual defendant Goodale inasmuch as Napa County is the county "in which the contract was in fact entered into" in addition to being "the county where such obligation is to be performed."

The action was also properly commenced in Napa County as to the corporate defendants as section 16 of article XII of the Constitution provides that a corporation "may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises."

In view of the foregoing there is no merit in the contention of appellants that their motion for change of venue should have been granted.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied March 29, 1956.