[Civ. No. 16819.   First Dist., Div. One.   Oct. 8, 1956.]

J. C. MILLETT COMPANY (a Corporation) et al., Respondents, v. LATCHFORD-MARBLE GLASS COMPANY (a Corporation) et al., Appellants.

George H. Emerson for Appellants.

Leon A. Blum and J. Albert Hutchinson for Respondents.

PETERS, P. J.—This is an appeal by the corporate and individual defendants from an order denying their motions for a change of venue.

The action was brought in San Francisco by a San Francisco corporation and partnership against three corporate and eight individual defendants.  The action is for breach of contract and an accounting, the contract having been executed

in 1950 between the Latchford-Marble Glass Company as seller and the plaintiffs as buyers, whereby the seller agreed to furnish the buyers with beverage bottles, and to give the buyers the exclusive right, with certain exceptions, to market such bottles in Northern California. It is alleged that the Glass company organized the other two corporate defendants as subsidiaries of the Glass company, enticed several of plaintiffs' employees into the employ of these subsidiaries, and then offered for sale and sold glass containers in Northern California in competition with plaintiffs and in violation of the contract.

The three corporate defendants and the eight individual defendants filed separate motions for a change of venue to Los Angeles County, averring that the corporate defendants were residents of that county, with their principal places of business there, and that all eight individual defendants reside in that county. In addition, all defendants averred that the contract was made and to be performed in Los Angeles, that the obligation arose there, and the breach, if any, occurred there. Plaintiffs filed no counteraffidavits. The trial court denied the motions. Defendants appeal.

It may be conceded that, under article XII, section 16 of the Constitution, the action, so far as the three corporate defendants are concerned, was properly filed in San Francisco. The complaint alleges that defendants breached a covenant not to compete with the plaintiffs in the sale of bottles in Northern California, and it is a reasonable inference that the breach of this covenant occurred in Northern California. San Francisco is, of course, in Northern California. ▓ Plaintiff is entitled to the presumption that he has brought the action in a proper county, and the burden, to secure a change of venue, is on the defendant. (*Chase* v. *South Pac. Coast R. Co.*, 83 Cal. 468 [23 P. 532]; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360 [99 P.2d 678]; *Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815 [259 P.2d 465].)

We may assume, therefore, that as to the corporate defendants the place of performance or the place of breach of the contract was alleged to be San Francisco, and that as to these defendants the action was properly filed in that city and county.

It is equally clear, however, that the individual defendants, all of whom are admittedly residents of Los Angeles, were entitled to a change of venue. Section 395 of the Code of Civil

Procedure provides: "In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

It is quite apparent that, since the individual defendants are not parties to the contract here involved, the first sentence of the section is applicable, and that under it the individual defendants were entitled to be sued in the county of their residence.

Thus, the problem involved arises out of the fact that the corporate defendants probably were properly sued, on a ground other than residence, in San Francisco, and the eight individual defendants, considered separately, were entitled to be sued in Los Angeles.

The solution to this problem is clear.  When a corporation is properly sued other than at its residence on a transitory cause of action, and individual defendants are joined who, if sued alone, would be entitled to be sued in the county of their residence, the plaintiff waives his right against the corporation, and the individual defendants are entitled to a change to the county of their residence. The proper rule is stated as follows in 1 Witkin, California Procedure, page 764: "A special problem arises in joinder of individual and corporate defendants when the plaintiff sues in a county in which neither defendant resides, but which is one of the four other places in which a corporation may be sued. . . . The *individual defendant may obtain a change.* The theory is that though the plaintiff may sue a corporation on a transitory cause where the contract is breached or the liability arises, etc., he loses or 'waives' this privilege when he joins an individual defendant. Joinder of the individual restricts the plaintiff to *residence venue*: the residence of either defendant."

In *Hale* v. *Bohannon,* 38 Cal.2d 458, 473 [241 P.2d 4], the Supreme Court stated the rule as follows: "However, this application of section 395 involves the right of an individual defendant apart from that of the corporate defendant. A suit brought in the county where the corporation has its principal place of business is one commenced in a proper county under the constitutional provision. The individual defendant joined with the corporation may not secure a change of venue in such circumstances because, under section 395, 'some' of the defendants reside in the county where the action was commenced. Where the action is not commenced in the county of any defendant's residence, the individual defendant then is entitled, under section 395, to secure a change of venue to the county where some or all of the defendants reside. This rule is not a holding that section 395 is applicable in determining the venue of an action commenced solely against a corporate defendant."

This court recently summarized the rule in *Pacific Bal Industries* v. *Northern Timber, Inc.,* 118 Cal.App.2d 815, 828 [259 P.2d 465], in the following language: "A plaintiff cannot by joining a corporation or corporations as defendants, under the circumstances of this case, impair the right or thwart the exercise of the right of an individual defendant to remove the cause to the county of his residence. In effect, by joining the individual defendants, neither of whom resides in Marin County, plaintiff has waived whatever procedural rights were granted him by article XII, section 16, of the Constitution, to bring his action against the corporate defendants in Marin County. [Citing cases.]"

Thus, it is quite clear, that on the motion of individual defendants, the trial court should have granted the motion for a change of venue to the county of their residence, unless it was made to appear that at least one of the corporate defendants had its principal place of business or resided in the city and county of San Francisco. The complaint did not allege such residence. The plaintiffs failed to file any counter-affidavits. The affidavits of defendants alleged that the corporate and individual defendants all resided in Los Angeles. So far as the clerk's transcript is concerned, it is obvious that plaintiffs were relying, so far as venue is concerned, on their allegations that the contract was to be performed by the corporate defendants in Northern California, and that the breach occurred there. As already pointed out, these allegations might have supported an order denying the motion for a

change of venue to Los Angeles so far as the corporate defendants are concerned, but when individual defendants residing in Los Angeles were joined, this amounted to a waiver so far as the corporate defendants were concerned, and the motion should have been granted.

Plaintiffs, in their memorandum of points and authorities filed in the trial court and in their brief filed in this court, contend that there was "evidence" of which the trial court could take judicial notice that at least one of the corporate defendants maintains its residence in San Francisco. ▮ The "evidence" relied upon is that the San Francisco telephone directory lists the Latchford-Marble Glass Company and the Latchford-Marble Container and Supply Company with a San Francisco address and phone number. The classified section of the telephone directory lists the same two corporations and their address and phone number and also contains this information:

"for information call *Main Office*
"Latchford-Marble Container & Supply Co.
"1823 Egbert Ave.        JU 5-1005."

Plaintiffs contend that the trial court and this court can take judicial notice of this listing, and that it indicates that the *principal* office of the container corporation was in San Francisco. Assuming, without deciding, that judicial notice can be taken of the directory, it is clear that all it shows is that the "main" San Francisco office of the company was at a certain address. It does not show, even by inference, that the "principal" place of business or residence of the corporation was in San Francisco. Thus, the directory does not contradict the positive averment in the affidavit of the container company that at the time of the filing of the action and of making the affidavit it had its principal place of business in, and was a resident of, Los Angeles.

The order appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.