[Civ. No. 20925.   First Dist., Div. One.   Jan. 21, 1963.]

SPALDING G. WATHEN et al., Petitioners, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; McMILLAN MORTGAGE CO., Real Party in Interest.

Wallace G. Quinlisk for Petitioners.

No appearance for Respondent.

Maynard Garrison, Jr., and Wallace, Garrison, Norton & Ray for Real Party in Interest.

SULLIVAN, J.—Petitioner Spalding G. Wathen seeks a writ of mandate in an action for breach of contract to compel the respondent Superior Court to change the place of trial thereof from Santa Clara County to Fresno County.

McMillan Mortgage Co., a corporation (hereinafter called McMillan), the real party in interest herein and the plaintiff below, commenced the above action against petitioner and Wathen Brothers, a copartnership. The complaint alleges that McMillan and the defendants entered into a written contract in Santa Clara County, a copy thereof being attached to the pleading and incorporated therein by reference. Such contract consists of a letter from McMillan to Wathen Brothers and accepted and approved by the latter, pursuant to which McMillan promised to provide certain financing for tract homes in Fresno.

The complaint further alleges that the above contract provided that the defendants would deliver to McMillan in Santa Clara County before a specified date each loan application package prepared by defendants[1]; that McMillan performed all conditions to be performed on its part; that the defendants failed and refused to perform the contract on their part in that they failed and refused to deliver said loan application packages to plaintiff as agreed and did deliver them to other mortgage companies and banks; and that as a result McMillan has been damaged in a specified amount.

The petitioner, individually and as a copartner, filed a demurrer to the complaint and a notice of motion for change of venue. The motion was made on the grounds that (1) all of the defendants resided in Fresno County; (2) the contract was entered into there; and (3) there being no special contract in writing to the contrary, the contract was to be performed in Fresno County. In his supporting affidavit, the petitioner alleges that all of the defendants were at all relevant times residents of Fresno County; that the contract was mailed to defendants' place of business in Fresno, signed and approved by petitioner there, and thereupon mailed back to McMillan's place of business; that the loans provided for by the contract were to be made in Fresno, California, by deposit of funds into an escrow there, said funds to be disbursed therefrom in connection with the sale and purchase of real property located in Fresno; and that by reason thereof, any obligation of the defendants in such proceedings was to be performed in Fresno. The affidavit of Mr. Quinlisk, one of petitioner's counsel, also filed in support of the motion, alleges that, as shown by a certified copy of its articles of incorporation thereto attached, McMillan's principal place of business was in Ventura County, and that "in the knowledge of affiant, and as a matter of general knowledge, McMillan Mortgage Co. has various places of business throughout the State of California."

---

[1] In pertinent part the contract states: "8. It is hereby agreed and understood that you will deliver the loans under this commitment and that we will accept them. Any rights you may have to sell these loans to any other bank, mortgage company or like individual, company or corporation is hereby waived.

"9. You are to be responsible for the packaging of the individual loan applications, said application packages to be prepared in quadruplicate and delivered to McMillan Mortgage Co. completely ready for screening and processing at least 90 days prior to the expiration date of this commitment. No loan will be closed later than 60 days prior to the expiration date, nor will any loan be closed unless a clear final inspection report is in our hands at that time. Time is of the essence."

In opposition to the motion, William C. McGowan, vice president of McMillan, filed a declaration under penalty of perjury (hereafter referred to as an affidavit) stating, insofar as is here relevant, that delivery of loan packages initiates the processes contemplated under the commitment contract sued upon, that the contract is performed at the offices of the mortgage company by screening and processing the loan packages, and that it cannot be performed unless such delivery is completed by the builder.

In his first memorandum decision, the learned trial judge stated that the obligation of the defendants was to be performed by delivery of the loan packages to the office of the plaintiff; that it appeared from the affidavit filed by the defendants that McMillan had more than one office and that such offices were in different counties; and that the letter-agreement attached to the complaint did not show a letter-head indicating which office was referred to in paragraph 9 thereof. The court thereupon set aside the submission of the motion to allow the parties to submit additional affidavits indicating whether the letter sent to and retained by the defendants contained a letterhead showing the office of McMillan to be in Santa Clara County.

Mr. Garrison, an officer of McMillan, thereupon filed an affidavit alleging the following: ''The letter of agreement, Exhibit A attached to plaintiff's complaint, which was sent to defendants and retained by them, was under the letterhead of plaintiff McMillan Mortgage Company stating its address as 4216 El Camino Real, Palo Alto, California. The original of said letter agreement has been retained by defendants but it clearly indicates that the delivery of loan packages to plaintiff was intended to be at plaintiff's Santa Clara County office, 4216 El Camino Real, Palo Alto, California.''

Thereafter petitioner filed an affidavit in response thereto alleging ''that the only copy or copies of the alleged agreement upon which the plaintiff's action is based which are in the possession of affiant do not bear a heading showing the letterhead of plaintiff McMillan Mortgage Company, as set forth in the affidavit of said Samuel G. Garrison.''

The court below thereupon denied the motion for change of venue.

Section 395 of the Code of Civil Procedure in relevant part provides as follows: ''When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the con-

tract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed *unless there is a special contract in writing to the contrary.*'' (Emphasis added.)

The effect of the above provisions is to fix venue in actions arising on contract in any one of the following counties: (1) that in which the defendant resides at the commencement of the action; (2) that in which the contract in fact was entered into; and (3) that in which the defendant has contracted specially and in writing to perform his obligation. (*Armstrong* v. *Smith* (1942) 49 Cal.App.2d 528, 532 [122 P. 2d 115].) As the court stated in the *Armstrong* case, *supra,* the ''special contract'' is ''one in which there is expressed particular stipulations with respect to the obligations of the parties, and which, if omitted, the law will not supply. . . . It is our opinion that before an action may be brought under section 395, *supra,* in the county where the obligation forming the basis of the suit is performable, the contract must specifically state the place of performance of such obligation. If the contract so states, then the provision as to place of performance is both express and special.'' (49 Cal.App.2d at pp. 535-536.) ''Thus, the requirement is met by an agreement to pay money in a particular county, to deliver goods at a particular place, or to perform an obligation in a particular city.'' (51 Cal.Jur. 2d, Venue, § 45, pp. 103-104.)

Does the contract before us sufficiently designate Santa Clara County as the place of the performance of the defendants' obligation and thus make section 395 operative to fix venue in such county? McMillan asserts that the loan application packages were to be delivered to its office in Palo Alto, which is in Santa Clara County. Petitioner takes the position that although under paragraph 9 of the contract they were to be ''delivered to McMillan Mortgage Co.,'' since it appears that McMillan has various places of business in other counties of California, the latter contract does not therefore specify Santa Clara County as the definite and certain place of performance. It is apparent to us, however, that the court below in effect found on the conflicting affidavits of the parties that the letter of agreement attached to McMillan's complaint

was under the letterhead of McMillan Mortgage Company, stating its address at 4216 El Camino Real, Palo Alto, California, and that such letter was sent to the defendants and retained by them. ■ "It is well established that when an issue is tried on affidavits and there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court may not be disturbed on appeal. [Citations.]
■ This rule, as applied to motions for change of venue, has been worded as follows: 'Where, upon such a motion, there is any conflict in the affidavits, those in favor of the prevailing party must be considered as true, and the fact stated therein must be considered established.' [Citations.]" (*Friedman Bag Co., Inc.* v. *Shrier* (1961) 194 Cal.App.2d 561, 565 [15 Cal.Rptr. 38].)[2]

■ The trial court properly construed the contract as set forth under the foregoing letterhead. As we have pointed out, paragraph 9 of the contract required defendants to deliver the loan application packages to McMillan Mortgage Co. Although the address of McMillan was not stated in the paragraph, it was stated in the letterhead. It would be technical and unrealistic to hold that the address would have to be restated in the paragraph in order to satisfy section 395. Taking the instrument as a whole, it is apparent that McMillan's office in Palo Alto was intended as the place of delivery and that the place of performance was thus specifically designated in the instrument. (*Armstrong* v. *Smith, supra,* 49 Cal.App.2d 528.)

On oral argument petitioner contended that Fresno County was the proper place of trial because the whole concept of the contract was one of performance in that county. This contention has no merit. Section 395 fixes venue "[w]hen a defendant has contracted to perform an *obligation* in a particular county" (emphasis added) and further provides that the county in which the defendant has specially contracted in writing to perform such *obligation* is a proper place of trial. In the instant action the obligation allegedly breached is the delivery of the loan applications to McMillan at its Palo Alto office.

[2]We observe that although McMillan's affidavit makes a positive statement as to the letterhead on the contract, petitioner's affidavit in reply does not deny that such a letter was received and retained by him but merely avers in a guarded fashion that the only copy or copies of the agreement "which are in the possession of affiant" do not bear a letterhead.

Since we conclude that proper venue is in Santa Clara County we find it unnecessary to discuss venue as based upon the residence of the defendants or the place where the contract was entered into.

The alternative writ of mandate is discharged and the petition for a peremptory writ is denied.

Bray, P. J., and Molinari, J., concurred.