[Civ. No. 21755. First Dist., Div. One. Mar. 19, 1964.]

HALINA GREGORY BRAUNSTEIN, Petitioner, v. THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent; FRANK C. BISHOP, Real Party in Interest.

Harry E. Sokolov for Petitioner.

No appearance for Respondent.

Hoge, Fenton, Jones & Appel, Lewis L. Fenton and Sam L. Foster for Real Party in Interest.

BRAY, P. J.—Petition for writ of mandate to compel the Superior Court of Monterey County to transfer cause to Superior Court of Los Angeles County.

## QUESTIONS PRESENTED.

1. Should petitioner's motion to transfer the action to the County of Los Angeles, the county of her residence, have been granted?

2. Was real party in interest's motion to retain venue in Monterey County for convenience of witnesses properly granted?

## RECORD.

Frank C. Bishop, the real party in interest (hereinafter referred to as plaintiff) filed a complaint in the Municipal Court for the Monterey-Carmel Judicial District against petitioner (hereinafter referred to as defendant) for $1,033.34 for goods sold and delivered and services performed, based on a written contract. Defendant filed notice of motion for an order to transfer the action to Los Angeles County, the county of her residence, affidavit of merits, affidavit in support of motion and answer and cross-complaint. In the cross-complaint defendant sought $20,000 damages from plaintiff for breach of contract. Counteraffidavits were filed by plaintiff and a countermotion to retain venue for the convenience of witnesses. Because the amount demanded in the cross-complaint exceeded the jurisdictional limit of the municipal court, that court transferred the case to the Monterey County Superior Court.

After hearing the respective motions that court denied defendant's motion for change of venue to Los Angeles County and granted plaintiff's motion to retain venue in Monterey County for convenience of witnesses. Thereupon plaintiff filed this application for writ of mandate to compel the Monterey County Superior Court to transfer the case to Los Angeles County.

## 1. THE MOTION FOR CHANGE OF VENUE SHOULD HAVE BEEN GRANTED.

The allegation in defendant's affidavit that she is a resident of Los Angeles County is not denied. While the

complaint is upon a common count it is conceded that as shown by defendant's affidavit plaintiff's claim is based upon a written contract dated December 28, 1961, a copy of which is attached to defendant's affidavit in support of her motion, which contract required plaintiff to board defendant's horse in Monterey County.

Section 395, Code of Civil Procedure, provides in pertinent part: "... the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. ... When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant ... resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

Under section 395, Code of Civil Procedure, defendant is entitled to have the action transferred to the county of her residence unless Monterey County was the county where the obligation was incurred (that is, where the contract was entered into) or is the county where the obligation was to be performed.

The contract consists of a letter written to defendant addressed to her home in Los Angeles wherein it is stated: "This will confirm the understanding and agreement between us. 1. I hereby and herewith agree to accept the stallion, Royal Orbit, owned by you, for boarding and breeding his book of 'selected mares' (as said term is commonly understood in the horse breeding industry) at my ranch Laguna Seca situated in Monterey, California." The terms are then set forth, and other matters concerning the care and breeding of the horse, payment to be $250 per month. It ends with the statement: "If the foregoing is in accordance with your understanding of the agreement between us, will you kindly so indicate by affixing your signature under the phrase 'Approved and Accepted' hereinbelow provided for."

Defendant signed the agreement at Los Angeles and forwarded it to plaintiff at Monterey.

Thus it clearly appears that the contract was entered into in Los Angeles. Thus, defendant's obligation was incurred there. Under section 395 it is presumed that the obligation

was to be performed there unless "there is a special contract in writing to the contrary." An examination of the contract shows no such special contract to the contrary, nor any statement as to where defendant's obligation to pay was to be performed.

The plaintiff argues that under Code of Civil Procedure section 395, this action is properly triable in Monterey County. His first contention is that the written contract contained in writing the place of the defendant's performance. He contends that the contract required defendant to leave her horse at the plaintiff's ranch in Monterey County for boarding and stud purposes.

However, it is to be noted that this action is for money due and owing for goods sold and delivered, and services rendered. Therefore, it would appear that the only obligation of defendant relevant in this action is the obligation to pay money to plaintiff.

The case of *Armstrong* v. *Smith* (1942) 49 Cal.App.2d 528 [122 P.2d 115], which appears to be the leading case on this subject, states (p. 532)[1]: "The express condition of the statute is that unless there is a special contract in writing to the contrary the county in which the obligation is incurred is the venue of an action arising out of it. What the legislature has in substance said is that all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, *unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action*." (Italics added; see also *Inga* v. *Blum* (1933) 134 Cal.App. 398 [25 P.2d 473]; *Campbell* v. *Clifford* (1942) 52 Cal.App.2d 615 [126 P.2d 887]; *Dawson* v. *Goff* (1954) 43 Cal.2d 310 [273 P.2d 1].)

The Supreme Court in *Caffrey* v. *Tilton* (1952) 38 Cal.2d 371, 374 [240 P.2d 273], quoted with approval the following from the *Armstrong* case: "'If the parties have only impliedly agreed to a place of performance when the statute says that they should have specially agreed before the remedy sought may be obtained, no redress may be had.' It was

[1]It is to be noted that the obligation sued on in the *Armstrong* case was an implied obligation, while the obligation involved in the present action is express. However, the court in *Caffrey* v. *Tilton, infra,* 38 Cal.2d 371 [240 P.2d 273], expressly stated that this difference was not a valid distinguishing feature.

696

noted that a 'special' contract is one whose provisions are express and not dependent on implication. [Citations.]" (See also *Wathen* v. *Superior Court* (1963) 212 Cal.App.2d 125 [27 Cal.Rptr. 840].)

 Defendant in her motion for change of venue and accompanying affidavits alleges that the contract was entered into and executed in Los Angeles. Plaintiff, on the other hand, alleges that the contract was not entered into in Los Angeles but that "all negotiations and preparation of said contract or contracts occurred in the County of Ventura and that *the actual offer and acceptance* took place in the County of Monterey." (Italics added.) It will be noticed that while plaintiff states the conclusion that the contract was not entered into in Los Angeles and that the "actual offer and acceptance took place" in Monterey, he at no time has denied that defendant signed the acceptance of the contract in Los Angeles.

 If there is a conflict in the affidavits or the inferences to be drawn therefrom, we are bound by the resolving of that conflict by the trial judge. (See *Archer* v. *Superior Court* (1962) 202 Cal.App.2d 417 [21 Cal.Rptr. 48] ; *Wathen* v. *Superior Court, supra,* 212 Cal.App.2d 125.)

 In plaintiff's affidavit in which he alleges the above mentioned conclusions, he alleges that his action is based upon the written contract, copy of which he attaches. The contract is in letter form, and had he not alleged that this document was a contract, it might be argued that it was a mere confirmation of a prior oral agreement. However, he bases his action upon this written contract. On the face of the document it appears that it was prepared by plaintiff and then sent to defendant at the Los Angeles address appearing on the document for acceptance and signing. This fact plus plaintiff's failure to deny that it was executed in Los Angeles as claimed by defendant, compels a finding that the contract was entered into in Los Angeles. These facts require the application of the rule that the place of making a contract is the place where the last act necessary for its validity was done, this usually being, as here, the act constituting the acceptance.

 "The place at which a contract bears date is prima facie the place where it was made." (51 Cal.Jur.2d § 44, p. 98.) "The place of making is the place where *the last act* necessary for its validity was done, usually the act constituting the *acceptance*." (1 Witkin, Cal.Procedure, § 223,

p. 734.) ■ " '. . . the contract will be deemed to have been consummated and become binding at the time and place where the last act necessary to its validity was performed. . . . ■ While the place of execution designated in a contract is prima facie the location where it is made, this may be rebutted by other evidence. . . .' " (*Taylor* v. *Lundblade* (1941) 43 Cal.App.2d 638, 640 [111 P.2d 344], quoting from *Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal. App. 301 [262 P. 452].)

Plaintiff's main contention that the proper place of trial is Monterey County is based upon his claim that the "actual offer and acceptance" referred to in the written contract as "the understanding and agreement between us" took place in Monterey County. Assuming the correctness of this claim, nevertheless all such understanding and agreement was merged in the written contract upon which plaintiff is expressly suing and as to which the tests herein mentioned must be applied.

Thus, Los Angeles County being the county of defendant's residence, the contract having been entered into there, and presumably, as there was no special provision in writing to the contrary, defendant's performance of the contract was to take place there, the court should have granted the change of venue to that county unless the order granting the motion to retain venue in Monterey County on the ground of convenience of witnesses was properly granted.

## 2. THE MOTION TO RETAIN VENUE.

Section 396b, Code of Civil Procedure, provides in pertinent part that the court "may retain the action in the county where commenced if it appears that the convenience of the witnesses or the ends of justice will thereby be promoted." (Italics added.) Section 397, Code of Civil Procedure, provides that the court may, on motion, change the place of trial "3. When the convenience of witnesses *and* the ends of justice would be promoted by the change. . . ." (Italics added.) ■ A motion for change of place of trial to the county of the defendant's residence can be opposed by a countermotion to retain cause for convenience of witnesses. (*Harris* v. *Cannon* (1941) 42 Cal.App.2d 748, 749 [109 P.2d 961].)

Plaintiff's motion to retain was apparently made under section 397, as he alleges that the motion would be made on the grounds of "convenience of witnesses *and* the ends of

justice would be promoted'' by retaining the cause in Monterey County.[2]

While the determination of a motion to retain for convenience of witnesses is a matter in the discretion of the trial court (see *Pearson* v. *Superior Court* (1962) 199 Cal. App.2d 69 [18 Cal.Rptr. 578]) the affidavits used on the motion must be specific as to the facts to which the witnesses will testify. In *Maxwell* v. *Murray* (1961) 190 Cal.App.2d 440, 445 [11 Cal.Rptr. 916], the court said that in *Juneau* v. *Juneau* (1941) 45 Cal.App.2d 14, 17 [113 P.2d 463], it had set forth ''the requirements for affidavits supporting venue in counties other than defendant's home for convenience of the witnesses. Those requirements were that the affidavit indicate specifically the nature and extent of the testimony forthcoming from the inconvenienced witnesses so that the trial court would be able to determine whether or not that testimony would be material, relevant and admissible, and, further, so that opposing counsel could stipulate to the admission of the proposed testimony and thus obviate the necessity of calling the witnesses. Here, the plaintiff declared only that the doctors 'will testify to the nature and extent of the injuries sustained by the plaintiff' in the accident. Such a statement does not satisfy the *Juneau* rule and is a mere conclusion.

''It has often been noted that 'mere conclusions or indefinite statements of a pleader will not suffice to create a *prima facie* case entitling one to maintain an action at a county other than that of the residence of the defendant.' (*Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal.App. 301, 309 [262 P. 452]; *Meadows* v. *Emett & Chandler*, 99 Cal.App.2d 496, 498 [222 P.2d 145]; *Diepenbrock* v. *Auslen, supra*, 185 Cal.App.2d 747, 750 [8 Cal.Rptr. 659].) Obviously the same rule applies where the conclusions and indefinite statements are contained in an affidavit in support of retention of a case in a county other than that of the defendant's residence.''

In *Edwards* v. *Pierson* (1957) 156 Cal.App.2d 72, 75 [318 P.2d 789], the court stated: ''The burden rests upon one who

---

[2]Section 396b deals with *retaining* the place of trial for convenience of witnesses. In such event the moving party may establish either the convenience of witnesses *or* that the ends of justice will thereby be promoted. Section 397 deals with *changing* the place of trial and requires the establishment of both convenience of witnesses *and* ends of justice.

seeks a change of venue under Code of Civil Procedure, section 397, subdivision 3, to prove that both the convenience of witnesses and the ends of justice will be promoted thereby. [Citations.] This he must do through affidavits which *contain something more than generalities and conclusions.* [Citation.]'' (Italics added.)

On examining plaintiff's affidavits we find that they do not meet the tests above stated but are of the type stated in *Baird* v. *Smith* (1937) 21 Cal.App.2d 221, 224 [68 P.2d 979], quoting from 1 California Jurisprudence section 15, page 669, ''An affidavit which does not state the probative facts necessary to be alleged, but which states conclusions of law, is a nullity, and any order based thereon is void.''

The affidavit of plaintiff's attorney set forth the testimony to which the witnesses residing in Monterey County will testify as follows:

''By MR. GENE CLEVELAND the plaintiff . . . expects to prove that the stallion, ROYAL ORBIT, *was properly boarded and cared for, as provided for by the agreement* between the parties to the above cause. MR. CLEVELAND also has full knowledge of all breeding activity of said stallion as relates to the provisions of said agreement and he *will testify to such activity and the actions of the defendant in relation to said agreement.*

''By DR. JACK ROBBINS the plaintiff . . . expects to prove that *the agreement* between the parties to the above cause *was properly performed on his part and that the defendant . . . wilfully breached said agreement . . . . He will testify to the interpretation the parties placed on the agreement* as indicated by their actions and words. He also has access to and knowledge of my records concerning the transactions under said agreement.

''By MISS H. HALVERSON the plaintiff . . . expects to prove that *he performed all of his obligations under said agreement* . . . and she will testify as to the correspondence between plaintiff and cross-defendant and the defendant and cross-complainant, and *as to the actions* of defendant and cross-complainant *concerning said agreement.*'' (Italics added.)

Plaintiff's own affidavit is substantially the same as that of his attorney.

It can readily be seen from these portions of the affidavits that the only evidence of the witnesses' potential testimony is set forth in the form of conclusionary statements, i.e., ''properly boarded and cared for ...''; ''properly per-

formed . . .''; "wilfully breached . . .''; "performed all of his obligations. . . .''

Plaintiff contends that in *J.C. Millett & Co.* v. *Latchford-Marble Glass Co.* (1959) 167 Cal.App.2d 218, 227 [334 P.2d 72], the court held, in effect, that on a motion of this kind it is not necessary to do more than show the subject concerning which the witnesses will testify. This contention is based upon the following language in that case taken out of context: "Under such circumstances, the trial court should be able to pass on the relevancy and materiality of the proposed testimony where the affidavits state the subject to which the proposed testimony will relate." (P. 226.) A reading of the entire opinion shows that no such conclusion may be drawn from that language. The opinion quotes at some length from the moving affidavit giving considerable detail of what the witnesses would testify. The opinion states (p. 225) : "While it is true that an affidavit wholly devoid of the probative facts necessary to be stated is insufficient [citations], it is obvious that more than mere conclusions were set forth in the instant affidavits. For example, Leon Blum deposed, not on information and belief [citation], but based on facts within his own knowledge, that defendant induced four named individuals to leave *plaintiffs' employment* and thereafter employed these named persons themselves." The statement relied upon by plaintiffs followed a statement that the "precise" testimony that a witness would give was not required as that would be impossible in many cases. There is nothing in the *Millett* case which in any way changes the rule we have herein set forth or which could be interpreted as support for the holding that plaintiff's affidavits in the case at bench were sufficient.

 Plaintiff's affidavits being insufficient, there is no basis for the court's order granting the motion to retain the cause in Monterey County for trial.

The order denying defendant's motion for order transferring the cause to Los Angeles County and the order granting plaintiff's motion to retain venue in Monterey County were erroneous.

It is ordered that a peremptory writ of mandate issue ordering the superior court to transfer the cause to the Superior Court of Los Angeles County.

Sullivan, J., and Molinari, J. concurred.