[Civ. No. 26126.   First Dist., Div. Three.   Nov. 29, 1968.]

THOMAS A. CAUSLEY et al., Petitioners, v. THE SUPE-
RIOR COURT OF SONOMA COUNTY, Respondent;
VISTAWOOD COMPANY et al., Real Parties in
Interest.

J. Stephen Frank for Petitioners.

No appearance for Respondent.

Clifford J. Krueger for Real Parties in Interest.

DRAPER, P. J.—The motion for change of venue from
Sonoma County to San Francisco was improperly granted.
The action is upon a promissory note of defendant
corporation. The verified complaint sets out the note as an
exhibit "by reference made a part hereof." This note pro-
vides that it is to be paid "at Santa Rosa, California." It is
signed by the individual defendants as president and secre-
tary of the obligor corporation. A note so incorporated by
reference becomes a part of the complaint, which thus alleges
its contents (see *Byrne* v. *Harvey*, 211 Cal.App.2d 92, 103 [27
Cal.Rptr. 110]). Hence the complaint directly alleges that the
obligation of that note "is to be performed" in Sonoma
County, in which Santa Rosa lies.

A corporation may be sued in the county where the contract
is to be performed (Cal. Const., art. XII, § 16). The only

alleged obligation of the individual defendants is that upon the note itself. But contract actions against individuals also are properly brought in the county where the "obligation is to be performed" (Code Civ. Proc., § 395; *Anderson* v. *Heacock*, 147 Cal.App.2d 27 [304 P.2d 155]). The provision of the note requiring payment "at Santa Rosa, California" adequately establishes that city as the place of performance, whether by the corporation or the individuals.

It is true that as to an individual defendant the "county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary" (Code Civ. Proc., § 395). Since such a contract must be special and in writing, it cannot be implied. The code requirement of specification of the place of individual performance is not met when the very obligation sued upon arises only from an implied contract (*Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115]) or when the city or county of payment merely may be implied (*Fidelity Thrift & Loan Assn.* v. *Hall*, 186 Cal.App.2d Supp. 895 [9 Cal.Rptr. 596, 97 A.L.R.2d 929]; *Gulick* v. *Justice's Court*, 101 Cal.App. 619 [281 P. 1031].) The type of contract before us, however, was distinguished in *Gulick*, which pointed out (p. 622) that "a direct and definite promise to pay at a certain place named therein such as is found in some forms of promissory notes" would be within the code provision. Here, although it is contended that the note was executed at San Francisco, its specific provision that it is to be paid at Santa Rosa fixes Sonoma County as the place of performance, and thus as a proper county for suit.

Defendants argue that plaintiffs by joining individual defendants who live in San Francisco, have in some way "waived" their right to sue in Sonoma County. But the very authority relied upon by defendants (*J. C. Millett Co.* v. *Latchford-Marble Glass Co.*, 144 Cal.App.2d 838 [301 P.2d 914]) expressly limits the rule to cases in which "the individual defendants . . . if sued alone, would be entitled to be sued in the county of their residence" (p. 840). At one time, the distinction between corporations and individuals had a much broader application in contract actions, since it was only as to a corporate defendant that the county of performance was a proper county. The 1939 amendment to section 395 (Stats. 1939, ch. 981, p. 2733) extends a similar rule to individual defendants.

As we have shown, Sonoma County is a proper county for

trial and would be so if the action were against the corporation alone or against the individual signers alone. It follows that Sonoma is the proper county for trial of an action against both corporate and individual defendants (*Young* v. *John Haar Pickle Co.*, 139 Cal.App.2d 534 [293 P.2d 796]).

In view of this conclusion, we need not consider defendants' argument that the amended complaint, which omits the individuals as defendants, cannot be considered on the motion for change of venue.

Let peremptory writ of mandate issue directing the trial court to vacate its order granting change of venue.

Salsman, J., and Brown (H. C.), J., concurred.