Opinion
FAINER, P. J.
Plaintiff, as a representative of the Construction Teamsters Health and Welfare Trust, sued defendants Burinda, an individual, Tassel, an individual, Gus J. Burinda Inc., a corporation, and Burinda and Tassel as partners doing business as Bur Van Builders, in the Municipal Court for the Los Angeles Judicial District. These defendants are collectively called “defendants” in this opinion. Plaintiff also sued Zenith National Insurance. Zenith National Insurance answered the complaint. The defendants moved for a change of venue contending that the moving defendants were all residents of the Santa Maria Judicial District of the County of Santa Barbara and so that the municipal court of that judicial district was the proper place of trial. (Code Civ. *Supp. 14 Proc., §§ 395, subds. (a) & (c), 397.) The motion also sought a transfer of the case to the Santa Maria Municipal Court on the alternative ground of convenience of witnesses. (Code Civ. Proc., § 397, subd. 3.) The trial court denied the motion and the defendants appeal.
Plaintiffs action against the defendants was for damages because of an alleged breach of a contract obligating the defendants to make certain fringe benefit contributions to a trust fund for the benefit of defendants’ teamster union employees. Said contributions are allegedly owed pursuant to a collective bargaining agreement. The contract requiring the contribution payments of the fringe benefits contained a clause binding defendants to subsequent agreements until a cancellation notice was sent by one party to the other collective bargaining party. The complaint alleges that no such notice was given as of the date of filing the action. Section 1401.2 of article XIV of appendix L of the contract, which is referred to in the complaint, provides that defendants, as contracting parties will make all contribution payments to the trust fund at the trustees’ place of business in the City of Los Angeles. The Municipal Court for the Los Angeles Judicial District includes the City of Los Angeles.
Under Code of Civil Procedure, section 395, subdivision (a), venue and the proper court for trial in a particular judicial district (see 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 418-420), in an action on a contract, can be the place where the contractual obligation is to be performed, provided the contract specifies in writing the place of performance. This result is compelled by the provisions of said code section that the county or judicial district in which the contract is made is considered the place in which it is to be performed “unless there is a special contract in writing to the contrary.” (Armstrong v. Smith (1942) 49 Cal.App.2d 528, 532, 536 [122 P.2d 115].) The effect of this provision is to permit the plaintiff to select the county or judicial district in a contract action in any one of the following places: (1) the place where defendant resides at the commencement of the action, (2) the place where the contract was in fact entered into, and (3) the place where defendant has contracted specifically and in writing to perform the contract obligation. (Wathen v. Superior Court (1963) 212 Cal.App.2d 125, 129 [27 Cal.Rptr. 840].)
The defendants do not disagree that the Wathen holding is a correct statement of the law. The defendants do, however, contend that *Supp. 15 the “special contract in writing” option was not available to the plaintiff in the present case for three reasons. First, that defendants never signed the contract containing the “special contract”; second, that even if it was signed, the original contract contained no special provision for payment and the venue or proper court resolution cannot be based on subsequent amendments to the original contract or on subsequent contracts, and finally, that the special contract is not specific.
As to the first argument, this appeal is before us on a clerk’s transcript including the defendants’ motion for change of venue. The declaration of defendant Gus Burinda does not state that he did not sign the original contract although his lawyer’s declaration, made in support of the convenience of witnesses part of the venue motion, states that Mr. Burinda would testify he does not recall signing the contract. The trial court, in denying the defendants’ motion, made an implied finding that the original contract was signed. (See Hall v. Municipal Court (1974) 10 Cal.3d 641, 643 [111 Cal.Rptr. 721, 517 P.2d 1185].) In resolving venue or proper court disputes, we treat plaintiffs choice of venue, as determined by the allegations in the complaint, as presumptively correct. The burden is on the defendant to show that plaintiff selected the wrong court. (J.C. Millett Co. v. Latchford-Marble Glass (1956) 144 Cal.App.2d 838, 839-840 [301 P.2d 914].) In some cases, the burden of proof may shift back to plaintiff when a contrary declaration is offered. (See Goossen v. Clifton (1946) 75 Cal.App.2d 44, 47, 48 [170 P.2d 104].) But this rule is of no help to the defendants in our case because they failed to offer any direct evidence that the original contract was not signed. A statement by defendants’ lawyer that the defendant Burinda does not recall if he signed the contract is insufficient to overcome the presumption, as it is not evidence of the nonexistence of the presumed fact. (Evid. Code, § 604.) The presumption that the plaintiffs choice of venue was correct is sufficient to support the trial court’s implied finding that defendant Burinda signed the agreement.
The thrust of defendants’ second argument is that they are not bound by the provisions of the contract in force in 1978-1979, containing the special payment provision, because the contract, executed in 1961, contained no such clause. Automatic renewal clauses are typical of collective bargaining agreements, including the collateral fringe benefit contribution contracts, in the construction industry. Such claims have been consistently approved by the federal courts. (See N. L. R. B. v. International Hod Carriers’, etc. Union (9th Cir. 1961) 287 F.2d 605, *Supp. 16 610; N. L. R. B. v. R. J. Smith Const. Co., Inc. (D.C. Cir. 1976) 545 F.2d 187, 192.) A written agreement may incorporate other written agreements by reference and the original contract and those referred to may be construed with the original contract as one. (Bell v. Rio Grande Oil Co. (1937) 23 Cal.App.2d 436, 440 [73 P.2d 662].) The trial court was correct in treating the subsequent contract containing the special payment provision as binding on defendants. Defendants’ reliance on the holding in Fidelity Thrift & Loan Assn. v. Hall (1960) 186 Cal.App.2d Supp. 895 [9 Cal.Rptr. 596, 97 A.L.R.2d 929], is misplaced. In that case the place of payment was designated as the plaintiff’s office, without a geographic location. The Fidelity Thrift court said that a geographic location was required (186 Cal.App.2d Supp. 895, p. 901). This requirement is satisfied in the case at bar. The place of payment is a geographic location, to wit, the plaintiff’s office in Los Angeles.
Turning to defendants’ last argument, we hold that the language of the special payment provision was clear and distinct. It specifically states the place of payment as the office of the trustee in Los Angeles, There is a conflict in the cases whether the contract payment provision must specify the address of the payee. We hold that the better reasoned and more practical requirement is a geographic designation of the city or county without setting forth the address, as approved in Causley v. Superior Court (1968) 267 Cal.App.2d 757, 758 [73 Cal.Rptr. 585], and in Morthrift Plan v. Fischer (1961) 196 Cal.App.2d Supp. 865, 867-870 [17 Cal.Rptr. 607]. The Court of Appeal decision (Causley) is binding on this court (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 454 [20 Cal.Rptr. 321, 369 P.2d 937]) but it is only an inferential holding that a geographic location is sufficient. The other opinion (Morthrift Plan) is one of an appellate department of a superior court. We now elect to follow the more practical and pragmatic approach of Causley and Morthrift. In order to satisfy the “special payment” proper court provision of Code of Civil Procedure, section 395, subdivision (a), it is sufficient if the contract merely specifies a geographic place as the location of payment in a special contract in writing. This geographic designation will give the plaintiff, in a contract action, the right to specify the place of payment as a proper place of trial option under Code of Civil Procedure, section 395, subdivision (a). (Auto Equity Sales, Inc. v. Superior Court, supra, 57 Cal.2d 450, 456.)
*Supp. 17 The trial court did not err in denying defendants’ motion for change of venue because the Municipal Court for the Los Angeles Judicial District was the proper court under the “special contract in writing” provision of Code of Civil Procedure, section 395, subdivision (a).
Defendants also contend that the trial court erred in not granting their motion to transfer the case to the Santa Maria Municipal Court because a trial in the Los Angeles court would be inconvenient to defendants’ witnesses.
When a motion for change of venue is made under Code of Civil Procedure, section 397, subdivision 3, on the grounds that the convenience of witnesses and the ends of justice would be promoted by the changes, the supporting declarations must show (1) the name of each witness, (2) the expected testimony of each witness, and (3) facts showing why the attendance of said witnesses at trial will be inconvenient and why the ends of justice would be served by a transfer.[1] (Peiser v. Mettler (1958) 50 Cal.2d 594, 607-612 [328 P.2d 953, 74 A.L.R.2d 1].) Convenience to witnesses only is important, and not the convenience of parties or employees of parties (Wrin v. Ohlandt (1931) 213 Cal. 158, 159-160 [1 P.2d 991]; Dillman v. Superior Court (1962) 205 Cal.App.2d 769, 773-774 [23 Cal.Rptr. 498]) unless the trial in a distant place would endanger the health of a party whose testimony is material. (Simonian v. Simonian (1950) 97 Cal.App.2d 68 [217 P.2d 157].)
Neither side discusses these requirements in the briefs but we have reviewed the motion to see if the ruling on this ground was correct. Our review of the declarations in support of the “convenience of witnesses” motion reveals that all of the persons whose convenience is involved are either parties or employees of parties and no claim is made that, the health of a party or employee would be affected by a trial in Los Angeles. We now hold that there is no showing of inconvenience to any witness as required of Code of Civil Procedure, section 397, subdivision 3. The trial court was correct in denying the motion on this ground.
*Supp. 18 The order denying the motion to change venue is affirmed. Plaintiff to recover its costs on appeal.
Jones, J., concurred.

The motion cannot be made until the answer of the moving defendants has been filed because the trial court cannot determine whether the witnesses whose convenience is involved have material testimony to offer until the issues of fact are joined. (2 Witkin, Cal. Procedure (2d. ed. 1970) Actions, § 552.) In the instant case, defendants’ answer was filed concurrently with the motion as the motion was properly considered by the trial court on this ground.